IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:20-cv-00337-JRG |
| DAIICHI SANKYO CO., LTD., | ) |
| Defendant, and | ) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA UK LTD., | ) |
| Intervenor-Defendants. | ) |

**MOTION TO COMPEL**
**SEAGEN INC.'S DISCOVERY PRODUCTION**

## INTRODUCTION

This is a patent infringement case instigated by Plaintiff Seagen Inc. ("Seagen") in its latest attempt to lay claim to Defendant Daiichi Sankyo Company, Limited's ("Daiichi Sankyo Japan") breakthrough cancer therapy Enhertu®. Seagen alleges infringement of U.S. Patent No. 10,808,039 (the "'039 patent"), for which the patent application was filed years after Seagen learned of Daiichi Sankyo Japan's antibody-drug conjugate technology and later sought multiple partnerships, and three months after Daiichi Sankyo Japan announced its collaboration with Defendant AstraZeneca UK Ltd. for the development and marketing of Enhertu®. The '039 patent claims subject matter unsupported by the specification and extending far beyond the disclosures of the ten applications to which it asserts priority in an effort to cover Daiichi Sankyo Japan's Enhertu®.

This present motion to compel relates to discovery relevant to Daiichi Sankyo Japan's invalidity defenses. Specifically, more than six months ago, Daiichi Sankyo Japan sought discovery as to Seagen's research efforts that pertain directly to Daiichi Sankyo Japan's lack of enablement defense. Although Seagen has produced some documents responsive to this Request, Daiichi Sankyo Japan has identified a number of documents that should have been included in the production, but were not. To date, Seagen refuses to represent that its production in response to this Request is complete. This continued delay causes Daiichi Sankyo Japan significant prejudice. Depositions are already underway, with a close of fact discovery currently just over three weeks away. Seagen should be required to produce all responsive documents immediately.

## SEAGEN HAS NOT PRODUCED ITS OWN RESEARCH DOCUMENTS

To facilitate meaningful discovery, on April 9, 2021, Daiichi Sankyo Japan identified certain categories of documents that Seagen should produce. Among these, Daiichi Sankyo Japan propounded Request for Production No. 15 ("RFP No. 15"), requesting "[d]ocuments generated

1

after the earliest effective filing date to which [Seagen] contends the '039 patent is entitled reflecting any efforts to attach an antibody-drug conjugate linker to any drug moiety lacking a primary or secondary amine." Seagen originally objected to the relevance of this discovery, but the Federal Circuit has made clear that this type of evidence is relevant to the invalidity defenses raised by Daiichi Sankyo Japan, including the lack of enablement of the full scope of the claimed antibody-drug conjugates. *Cf. ALZA Corp. v. Andrx Pharms, LLC*, 603 F.3d 935, 942 (Fed. Cir. 2010) (finding a patentee's own inability to practice its patented invention relevant evidence of non-enablement.).

Seagen ultimately agreed to produce documents responsive to RFP No. 15. Yet, despite agreeing to produce responsive documents nearly six months earlier, Seagen's production remains deficient. Daiichi Sankyo Japan raised concerns regarding Seagen's compliance several times in the hopes of coming to a resolution without burdening the Court. The Parties had a lead and local meet and confer on September 8, 2021, during which Seagen reiterated its promise to search for, and produce, documents responsive to RFP No. 15. On October 1, 2021, the Parties again conferred regarding, *inter alia*, Seagen's deficient production. Seagen suggested that it already had produced all documents responsive to RFP No. 15, identifying only 13 documents responsive to that Request, some of which were merely duplicates or near-duplicates of documents already produced. As of today, Seagen has refused to represent that its production is complete.

It is apparent that there are additional responsive documents that have not yet been produced. For example, Seagen has published efforts to create antibody-drug conjugates using drugs containing tertiary amines, (*see* SGIEDTX00086165 (Ex. A)). But Seagen has not produced any of its internal documents regarding this research. Likewise, Intervenor AstraZeneca is aware that Seagen conducted research with a company called Spirogen—a company that Intervenor

2

AstraZeneca later acquired. Yet Seagen has not produced its internal documents concerning the research with Spirogen[1]—again confirming the facial inadequacy of Seagen's production and Seagen's search for responsive documents.

Seagen has already agreed to produce these materials. There can be no justification for its continued delay and inadequate response. Accordingly, Seagen should be compelled to produce documents responsive to Daiichi Sankyo Japan's RFP No. 15.

## CONCLUSION

Daiichi Sankyo Japan respectfully requests that the Court order Seagen to produce all documents falling within the scope of RFP No. 15.

---

[1] [redacted]

| | |
|---|---|
| Dated: October 22, 2021 | Respectfully submitted,<br><br>/s/ Preston K. Ratliff II<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas, 75701<br>+1 (903) 705-1117<br>+1 (903) 581-2543 facsimile<br>ddacus@dacusfirm.com<br><br>J. Mark Mann<br>State Bar No. 12926150<br>mark@themannfirm.com<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited*<br><br>OF COUNSEL:<br><br>Preston K. Ratliff II<br>Joseph M. O'Malley, Jr.<br>Ashley N. Mays-Williams<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br><br>Jeffrey A. Pade<br>Paul Hastings LLP<br>2050 M Street NW<br>Washington, DC 20036<br>(202) 551-1700<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited* |

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on October 22, 2021.

/s/ *Preston K. Ratliff II*

**CERTIFICATE OF CONFERENCE**

Pursuant to L.R. CV-7(i), the undersigned certifies that on September 8, 2021, counsel for Daiichi Sankyo Co., Ltd., with Preston Ratliff as lead counsel and Deron Dacus as local counsel, met and conferred via telephone with counsel for Seagen, with Michael Jacobs as lead counsel and Travis Underwood as local counsel for Seagen.  On October 1, 2021, counsel for Daiichi Sankyo Co., Ltd., with Preston Ratliff as lead counsel and Mark Mann as local counsel, met and conferred again via telephone with counsel for Seagen, with Michael Jacobs as lead counsel and Travis Underwood as local counsel for Seagen.  The Parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve.  Seagen opposes this motion.

/s/ *Preston K. Ratliff II*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and all supporting exhibits are being filed under seal pursuant to the Protective Order (Dkt. No. 55) approved and entered in this action.

/s/ *Preston K. Ratliff II*