IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| SEAGEN INC.,<br><br>        *Plaintiff,*<br><br>  v.<br><br>DAIICHI SANKYO CO., LTD.,<br><br>        *Defendant*,<br><br>ASTRAZENECA PHARMACEUTICALS LP, and<br>ASTRAZENECA UK LTD,<br><br>        *Intervenor-Defendants.* | Civil Action No.  2:20-CV-00337-JRG |

PLAINTIFF SEAGEN'S
MOTION TO COMPEL PRODUCTION OF ARBITRATION EXPERT REPORTS AND
TESTIMONY

Seagen moves to compel production of the reports and testimony of DSC's technical and damages experts from the co-pending arbitration between Seagen and DSC.  Last July, Seagen sent DSC a discovery request for the report and testimony of Dr. Dalton King, DSC's technical expert from that arbitration.  (*See* Ex. A (7.15.21 Seagen discovery letter to DSC).)  DSC countered with a position that favored itself:  only the reports and testimony of arbitration experts on whom a party relies in this action should be produced.  (*See* Ex. B (7.29.21 DSC discovery letter to Seagen).)  Seagen disagreed with DSC's position.  The parties could not resolve their disagreement, and put the issue aside for several months.

Last week, AstraZeneca re-raised the issue on behalf of Defendants and took the same position DSC had taken previously, explaining that its request was timely because the expert

discovery cut-off is not until December 23.  Seagen offered a deal similar to its earlier proposal.
(*See* Ex. C (12.3.21 Chivvis email to DSC and AZ re meet and confer agenda).)  Defendants
declined Seagen's proposed compromise in a December 6 meet and confer, and threatened
motion practice if Seagen would not produce the arbitration reports and testimony of its technical
expert Dr. Carolyn Bertozzi and its damages expert Carrie Distler.  Defendants claimed their
position was justified because only Seagen would be using the same experts in both proceedings,
while DSC had chosen to use different experts.  But their position on relevance—that the prior
testimony concerned DS-8201 (Enhertu®), the accused product here—undermined this claim.
Like Seagen's experts, DSC's own experts in the arbitration analyzed and discussed DS-8201
extensively.  Since Defendants concede that expert reports and testimony on DS-8201 from the
arbitration are relevant to this dispute, Seagen explained that any production of expert materials
should not be limited to Seagen's experts.  The same materials for DSC's experts should also be
produced.  Defendants were un-swayed, and DSC again refused to produce the complementary
materials from its own arbitration experts.  Rather than withholding the requested materials of its
experts in a tit for tat, Seagen agreed to produce its own without the need for a motion.  (*See* Ex.
C (12.6.21 Chivvis email to DSC and AZ re meet and confer follow-up).)  Seagen then notified
Defendants that it would be moving to compel production DSC's expert materials unless they
changed their position.  (*See id.*)  They would not.

       Defendants' position that discovery of expert materials from the arbitration should be
asymmetric cannot be correct.  Their argument for production of these materials relied on the
relevance of the subject matter that Seagen's experts analyzed:  the accused product, DS-8201.
DSC's experts analyzed the same subject matter.  Moreover, Seagen's experts referred and
responded to DSC's experts and vice versa.  The reports and testimony of DSC's experts will

thus be necessary to understand the testimony of Seagen's experts in context.  They may also be necessary to rebut positions that defendants take in this case based on the arbitration materials that Seagen produced.  Now that defendants will have access to that information—access that Seagen provided without the need for motion practice—Seagen should be allowed access to the complementary materials from DSC's experts.  *See* L.R. CV-26(d) (scope of discovery includes "information that is likely to have an influence on or affect the outcome of a claim or defense"; "information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense"; and even "information that would not support the disclosing parties' contentions.")

For these reasons, the Court should compel DSC to produce the reports and testimony of its technical expert Dr. Dalton King and its damages expert Dr. Mohan Rao from the arbitration.

Dated: December 7, 2021

By: */s/ Michael A. Jacobs*

Michael A. Jacobs
MJacobs@mofo.com
Matthew A. Chivvis
MChivvis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Facsimile:  415.268.7522

Bryan Wilson
BWilson@mofo.com
Pieter S. de Ganon
PdeGanon@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:   903.934.9257

*Of Counsel:*

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Charles Everingham IV
Texas State Bar No. 00787447
ce@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  903.757.6400
Facsimile:   903.757.2323

*Attorneys for Plaintiff Seagen Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this December 7, 2021.

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

On December 6, 2021, counsel for Seagen, with Michael Jacobs as lead counsel and Travis Underwood and Andrea Fair as local counsel, met and conferred via telephone with counsel for Daiichi Sankyo Co., Ltd., with Preston Ratliff as lead counsel and Blake Thompson as local counsel.  AstraZeneca was also present on December 6 with David Berl as lead counsel and Jennifer Ainsworth as local counsel.  The parties were unable to reach agreement at these meet and confers and have reached an impasse, leaving an open issue for the Court to resolve.  This motion is opposed by Defendants.

*/s/ Michael A. Jacobs*

*/s/ Melissa R. Smith*