# EXHIBIT B

# PAUL HASTINGS

1(212) 318-6055
prestonratliff@paulhastings.com

July 29, 2021

**VIA EMAIL**

Matthew A. Chivvis
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Re: *Seagen Inc. v. Daiichi Sankyo Company, Limited,*
<u>C.A. No. 20-00337 (JRG) (the "Texas action")</u>

Dear Matthew,

We are in receipt of your July 15, 2021 letter requesting that Daiichi Sankyo Company, Limited produce certain categories of documents, witness testimony, and hearing transcripts from *Seagen Inc. v. Daiichi Sankyo Co., Ltd.*, American Arbitration Association, No. 01-19-0004-0115 (the "Arbitration") in the Texas action.

Seagen's requests are inappropriate in the context of both the Arbitration before Judge Brown and the Texas action before Judge Gilstrap. As you know, the Arbitration is governed by the June 29, 2020 Protective Order, which prohibits the use of any "Protected Material" that may be used "only for prosecuting, defending, or attempting to settle th[e] arbitration." Seagen's request seeks a wide range of documents, witness testimony, and hearing transcripts that are designated Confidential or Highly Confidential and therefore constitute "Protected Material" under the Arbitration's Protective Order. (*See* Protective Order ¶ 2.15.) Further, discovery in the Texas action is controlled by the February 9, 2021 Discovery Order, which requires that the parties seek leave from Judge Brown before obtaining or using any documents produced in the Arbitration in the Texas action. (*See* Discovery Order ¶ 12(b).)

Despite the requirements of the governing provisions of the Arbitration's Protective Order and the Texas action's Discovery Order, Seagen has not sought leave from Judge Brown for the disclosure or use of this Protected Material in the Texas action. Thus, Seagen's request appears to be a blatant attempt to circumvent Judge Gilstrap's prior ruling concerning materials from the Arbitration as well as the Arbitration's Protective Order.



Matthew A. Chivvis, Esq.
July 29, 2021
Page 2

This is unsurprising as it is highly abnormal for documents and testimony from a prior matter to be discoverable and part of a different litigation.

In any event, Daiichi Sankyo Japan has already produced in this action all relevant documents that reflect the research and development of DS-8201, including those documents that were also produced in the Arbitration.  (*See* July 15, 2021 Chivvis Letter at Seagen Request Nos. 50–52.)  DSC has not withheld any documents that were produced in the Arbitration that reflect the research and development of DS-8201.  To the extent that Seagen seeks ***all*** documents produced by Daiichi Sankyo Japan in the Arbitration, Seagen inappropriately ignores that the issues and the scope of the Arbitration and the Texas action are not identical.  For example, unlike in the Arbitration, Daiichi Sankyo Japan's unapproved investigational drugs are not at issue in this action.  Daiichi Sankyo Japan has thus complied with the relevant scope of Seagen Request Nos. 50–52.

On the other hand, in addition to being subject to the Arbitration's Protective Order and the Texas action's Discovery Order, the transcripts, witness statements, and expert reports sought by Seagen in its Request Nos. 53–55 were created solely for the Arbitration.  Again, the issues and the scope of the Arbitration and the Texas action are not identical and, unsurprisingly, these materials encompass matters irrelevant to this patent infringement action.  The witness statements and expert reports were specifically prepared for the purpose of the Arbitration and defending against Seagen's claims that DSC utilized Seagen's information in discovering its ADC technology—not patent infringement.  Additionally, Daiichi Sankyo Japan has not expressed an intention to rely on testimony from the individuals listed in Seagen Request Nos. 53–54.  Seagen's requests are thus inappropriate and premature.

In the spirit of compromise, however, in the event that Daiichi Sankyo Japan relies on testimony from any of these witnesses in the Texas action, Daiichi Sankyo Japan would be willing to consider the production of that individual's Arbitration testimony, witness statement, and/or expert report.  Please let us know if Seagen would be willing to do the same to the extent that any of its witnesses from the Arbitration present materials to the Texas Court.