# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-00337-JRG |
| | ) |
| DAIICHI SANKYO CO., LTD., | ) |
| | ) |
| Defendant, and | ) |
| | ) |
| ASTRAZENECA PHARMACEUTICALS | ) |
| LP and ASTRAZENECA UK LTD., | ) |
| | ) |
| Intervenor-Defendants. | ) |

**DAIICHI SANKYO COMPANY, LIMITED'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF EXPERT REPORTS AND TESTIMONY OF TWO
<u>NON-TESTIFYING EXPERTS IN A PRIVATE ARBITRATION</u>**

Seagen seeks production of expert reports and testimony from two witnesses who testified in a private arbitration and who are **not** witnesses in this present Action.  Seagen's motion to compel should be denied for at least three reasons.  First, Seagen misrepresents Daiichi Sankyo Japan's position.  Daiichi Sankyo Japan has **never** stated that all arbitration expert reports and testimony ("arbitration materials") are relevant and should be produced in this Action—nor is such an overbroad position reasonable.  Daiichi Sankyo Japan has instead stated that only arbitration materials for experts testifying in **this** Action should be produced.  Seagen's suggestion that Daiichi Sankyo Japan has conceded the relevance of all arbitration materials is simply mistaken.  Instead, the appropriate resolution is that **if** an expert is testifying in this Action, any prior arbitration testimony from that **same expert** should be produced, because a given expert's arbitration materials may be relevant for the cross-examination of that same expert.

Second, Seagen does not comply with **existing** orders to address discovery disputes regarding arbitration materials.  Seagen acknowledges it is a party to the arbitration.  Under the Protective Order of the arbitrator Former Chief Judge of the United States District Court for the District of New Jersey, Garrett E. Brown,[1] ██████████████████████████████ ██████████████████████████████████████████████████ Yet Seagen inexplicably has never asked Judge Brown whether it may use the materials it now seeks to use here.  To allow what Seagen seeks would, in effect, permit Seagen to win reconsideration of the private arbitration Protective Order to which it agreed.

---

[1] Chief Judge Brown is retired and is the sole arbitrator presiding over a pending arbitration between Seagen and Daiichi Sankyo Japan.  *See Seagen Inc. v. Daiichi Sankyo Company, Limited*, Case No. 01-19-0004-0115 (AAA).  Neither AstraZeneca UK nor AstraZeneca US is a party to the arbitration and therefore neither Party has access to confidential arbitration materials.  Except in limited circumstances to which the Parties agreed, Seagen is not permitted to use the confidential materials presented in the arbitration.

Third, Seagen's position regarding its own production is irrelevant. That Seagen may have voluntarily produced its own expert reports does not broaden any rights. It cannot manufacture its own arguments. Rather, the question for production is whether experts overlap from the arbitration to this Action (they do not—Seagen is seeking reports from individuals not testifying here) and whether Seagen followed the arbitration Protective Order, which binds it (Seagen did not).

## BACKGROUND

Following Seagen's document requests, Daiichi Sankyo Japan has maintained a consistent position since July 2021 with respect to the production of arbitration materials—*i.e.*, "only the reports and testimony of arbitration experts on whom a party relies in this action should be produced." (Dkt. No. 237 ("Mot.") at 1.) But Seagen did not renew its disagreement with Daiichi Sankyo Japan's position for "several months." (*Id.*) It was not until December 3, following AstraZeneca's request for the arbitration materials of Seagen experts who **submitted expert reports in this Action** (namely Dr. Bertozzi and Ms. Distler), that Seagen refashioned its dormant request to include the arbitration materials of both Drs. King and Rao—who are neither retained nor testifying in this Action.

During the Parties' subsequent December 6 meet and confer, Defendants explained to Seagen that they were seeking Dr. Bertozzi and Ms. Distler's arbitration materials because they previously testified in the arbitration. Defendants never stated that arbitration materials are relevant generally or that the fact that Dr. Bertozzi and Ms. Distler's testimony concerned the accused product DS-8201 alone made it relevant; instead, Defendants explained that Dr. Bertozzi and Ms. Distler's arbitration materials are warranted at least for cross-examination purposes because there is no justifiable basis for withholding their prior testimony concerning issues that may bear on the subject matter of this Action. Although Defendants offered to similarly produce

the arbitration materials of any Daiichi Sankyo Japan arbitration expert witness who testifies in this Action, Seagen, advancing yet another "tit for tat" position, insisted on the production of the arbitration materials of Drs. King and Rao. Defendants do not agree.

In filing the present motion, Seagen ignores the Protective Order issued in the arbitration, which Seagen and Daiichi Sankyo Japan jointly proposed to Judge Brown and to which Judge Brown agreed and issued as a protective measure for the private arbitration. ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Yet Seagen has not even bothered to take the step of seeking leave from Judge Brown prior to burdening this Court with motions practice.

## ARGUMENT

### A. Seagen Seeks Irrelevant and Asymmetric Discovery

Seagen incorrectly characterizes Defendants' position as asymmetric with respect to the production of arbitration materials. It is Seagen who seeks asymmetric discovery. Daiichi Sankyo Japan has repeatedly made plain to Seagen that it will produce the arbitration report and testimony of any expert who testifies on Defendants' behalf in this Action. Under Seagen's position, Daiichi Sankyo Japan—unlike Seagen—will be compelled to produce arbitration materials from experts who are neither retained nor testifying in this Action. Thus, unlike Dr. Bertozzi and Ms. Distler, who will have an opportunity to explain any prior testimony in deposition or at trial, Daiichi Sankyo Japan will be unduly prejudiced to the extent that Seagen seeks to rely on and misinterpret the arbitration materials of Drs. King and Rao.

Seagen also ignores the fact that the scope of this Action and the private arbitration are fundamentally different. For example, ████████████████████████████████████████



███████████ (3) this Action does not concern any allegations of breach of contract as is the case in the private arbitration; and (███████████████████████████████

████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████.³

Further, Seagen's argument that the requested arbitration materials are "necessary to understand the testimony of Seagen's experts in context" and "may also be necessary to rebut positions that defendants take in this case based on the [produced] arbitration materials" should be rejected.  (Mot. at 2-3.)  ████████████████████████████████████████████████████████████████████████████████████████████████████████

████████  Nevertheless, if Seagen believes this to be the case, then this argument should have been presented by Seagen to Judge Brown after Daiichi Sankyo Japan did not consent to their production.  If Seagen's request is so reasoned and straightforward, why has Seagen not even attempted to ask Judge Brown for relief pursuant to the arbitration Protective Order?  Instead, Seagen seeks to flout the arbitration Protective Order to which it agreed.  Rather than approach Judge Brown, it voluntarily produces its own arbitration materials in order to claim prejudice in hopes that this Court will endorse its circumvention of Judge Brown's Protective Order.

---

² The triable issues relate to non-infringement, invalidity, and unenforceability of the patent-in-suit alone.

³ DS-8201 is the sole accused product in this Action.

⁴ ████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

Acceptance of Seagen's demand here would establish a dangerous precedent and its behavior and strategy to circumvent Judge Brown should not be rewarded.

### B.  Seagen Inappropriately Circumvents This Court's Prior Rulings and Chief Judge Brown's Arbitration Protective Order

Despite the plain language of the Cross-Use provision of this Court's Discovery Order, Seagen unilaterally attempts to create its own pathway for the production of the arbitration materials at issue.  Paragraph 12(b) of the Discovery Order requires that the Parties seek leave from Judge Brown before obtaining or using in this Action any documents produced in the arbitration.  (Dkt. No. 58 ¶ 12(b).)  There is no reason why arbitration reports and testimony—which detail highly confidential documents and information that are unambiguously governed by Paragraph 12(b) of the Discovery Order—should be treated differently.  The requested arbitration materials are unquestionably Protected Material under the arbitration Protective Order, which does not permit their use outside of the Parties' private arbitration.  Because Seagen has not even attempted to seek leave from Judge Brown following Daiichi Sankyo Japan's refusal to consent, Seagen's request seeks to circumvent not only this Court's Discovery Order but usurp Judge Brown's authority over the arbitration to which he presides.

That Seagen voluntarily produced the arbitration materials of Dr. Bertozzi and Ms. Distler should not serve to undermine Judge Brown's authority.  It would be perverse for Seagen's voluntary production to create an obligation for Daiichi Sankyo Japan to produce opposing materials.  That is precisely what the plain language of this Court's Discovery Order and the arbitration Protective Order are designed to prevent.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Here, Daiichi Sankyo Japan has taken the position that arbitration materials for overlapping testifying experts should be produced. Defendants asked Seagen for certain overlapping experts' arbitration materials and Seagen agreed. Seagen, by contrast, has asked for arbitration materials ***beyond*** overlapping testifying expert materials. Daiichi Sankyo Japan does not think that is appropriate as it explained during the Parties December 6 meet and confer. (*See supra* Background.) As required by the arbitration Protective Order, Seagen should have petitioned Judge Brown if it wanted to press this issue. It did not. Daiichi Sankyo Japan has ***followed*** the arbitration Protective Order, and has been faithful to its position (only the arbitration materials of overlapping experts are relevant). By coming to this Court—rather than going to Judge Brown—it is Seagen who is taking inconsistent steps. Seagen's motion to compel should be denied.

## CONCLUSION

For the reasons explained above, Seagen's motion to compel should be denied.

| | |
|---|---|
| Dated: December 10, 2021 | Respectfully submitted,<br><br>/s/ *Preston K. Ratliff II*<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas, 75701<br>+1 (903) 705-1117<br>+1 (903) 581-2543 facsimile<br>ddacus@dacusfirm.com<br><br>J. Mark Mann<br>State Bar No. 12926150<br>mark@themannfirm.com<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited*<br><br>OF COUNSEL:<br><br>Preston K. Ratliff II<br>Joseph M. O'Malley, Jr.<br>Ashley N. Mays-Williams<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br><br>Jeffrey A. Pade<br>Paul Hastings LLP<br>2050 M Street NW<br>Washington, DC 20036<br>(202) 551-1700<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 10, 2021.

/s/ *Preston K. Ratliff II*