FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| SEAGEN INC.,<br><br>   *Plaintiff*,<br><br> v.<br><br>DAIICHI SANKYO CO., LTD.,<br><br>   *Defendant*,<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br>and ASTRAZENECA UK LTD,<br><br>   *Intervenor-Defendants.* | Civil Action No.  2:20-CV-00337-JRG<br><br>**FILED UNDER SEAL** |

**PLAINTIFF SEAGEN'S MOTION FOR LEAVE TO USE CERTAIN DOCUMENTS
PRODUCED BY DAIICHI SANKYO CO., LTD. IN CO-PENDING PROCEEDING**

sf-4649327

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## I.    INTRODUCTION

Seagen moves for leave pursuant to the Discovery Order (Dkt. 51) and the Protective

Order (Dkt. 55) in this case to use certain DSC-produced lab notebooks and emails, as well as

the deposition testimony of Dr. Koji Morita, in a co-pending arbitration between the parties.

Seagen has filed a motion with the arbitrator to reopen the arbitration to consider this evidence.

Seagen's request does not affect the procedural schedule or any substantive issues in this case.

## II.    BACKGROUND

### A.    The Parties' Litigation History

Seagen and DSC are presently involved in a co-pending arbitration, *Seagen Inc. vs.*

*Daiichi Sankyo Co., Ltd.*, American Arbitration Association, Case No. 01-19-0004-0115 (Judge

Garrett E. Brown, Jr., Ret.).  ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████

A stipulated Protective Order is in place in the arbitration.  That Protective Order protects

both Seagen and DSC from unauthorized disclosure of the parties' highly confidential

information.

In this case, the Discovery Order contains the following provision related to the cross-use

of confidential information in co-pending proceedings:

> **Cross-Use.** The parties agree that any document produced in any currently-pending
> proceedings between or amongst the parties may be used in this case or in any of
> the foregoing proceedings where a Protective Order is in place, so long as the
> parties obtain leave from the tribunal presiding over the proceeding in which the
> document was produced. Any such use remains subject to the Protective Order in
> the proceeding where the document is used.

(Dkt. 51 § 12(b).)  Similarly, the Stipulated Protective Order in this case requires leave of Court

sf-4649327

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

before "[d]ocuments, information or material produced pursuant to any discovery request in this

Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL," can be used beyond this case.  (Dkt. 55 § 8.)

### B.   Documents and Information For Which Seagen Seeks Leave

Seagen seeks leave to present, in the arbitration, four DSC lab notebooks ████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████ DSC produced the notebooks in this action only after Seagen filed multiple motions

to compel.  (Dkts. 79, 187, 233.)  ████████████████████████

████████████████████████████████████████

████████ Seagen also seeks leave to present the deposition testimony of Dr. Morita and emails

between DSC scientists ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

DSC has designated the lab notebooks, emails, and deposition testimony as highly confidential

under the Protective Order in this case.  Seagen is not seeking to present any materials that

AstraZeneca designated.

On January 3, 2022, Seagen informed DSC that it intended to present these materials in

the arbitration, seeking to confirm its non-opposition.  On January 7, Seagen informed DSC and

AstraZeneca that it intended seek leave from this Court to use the materials in that other

proceeding in parallel to Seagen's pending request to the arbitrator that they produced.  Lead and

Texas counsel for the parties met and conferred on January 12, 2022.  In that discussion, DSC

indicated that it might join in Seagen's request so long as DSC could also present evidence from

sf-4649327

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

this action in the arbitration.  Seagen prepared a joint motion for leave consistent with this direction and provided it to DSC and AstraZeneca on January 13, requesting a response by January 14.  As of this filing, DSC has not responded to this proposal.  AstraZeneca has taken no position on Seagen's request.

This motion does not ask the Court to make any findings about the admissibility or import of the evidence in the arbitration.  Those are separate questions to be resolved by the arbitrator.  In its motion to the arbitrator to reopen the proceedings, Seagen identified and provided high-level descriptions of the documents and testimony.  *See Milwaukee Elec. Tool Corp. v. Snap-on Inc.*, No. 14-CV-1296-JPS, 2016 WL 1719657, at *5 (E.D. Wis. Mar. 16, 2016) (referencing confidential materials from a different proceeding in discovery requests did not violate the other proceeding's protective order).  DSC responded to Seagen's submission by providing confidential information that is covered by the Protective Order in this case without first seeking leave, including excerpts of the deposition testimony of Dr. Morita and the report of Seagen's expert, Dr. Carolyn Bertozzi.  Seagen, in reply, responded with additional excerpts from the same deposition and report for completeness.  The arbitrator has set a hearing on Seagen's motion to reopen for Wednesday, January 19.

III.    **ARGUMENT**

      A.    **Leave Is Appropriate Under The Discovery Order And The Protective Order**

Leave to use the lab notebooks, emails, and deposition testimony of DSC scientists in the co-pending arbitration is warranted.  At the parties' behest, the Discovery Order contemplates the cross-use of documents produced in this case in other pending proceedings between the parties so long as a protective order is in place in the proceeding where the document is to be used and leave of Court is granted.  (Dkt. 51 ¶ 12(b).)  The Protective Order in this case also allows such use with leave of this Court.  (Dkt. 55 § 8.)  Here, the arbitration has a protective

3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

order that will protect the confidentiality of any information that is received in the arbitration, and only Seagen and DSC are parties to that proceeding.

Permitting the cross-use of documents in co-pending proceedings between the same parties is favored. *See, e.g.*, *Team Worldwide Corp. v. Walmart Inc.*, No. 17-cv-235-JRG, 2019 WL 13078780, at *3 (E.D. Tex. Jan. 24, 2019) (granting request to modify protective order to allow production of documents in a co-pending IPR proceeding); *see also Garcia v. Continental Tire N. Am., Inc.*, No. 05-cv-666-XR, 2006 WL 8434211, at *3 (W.D. Tex. June 19, 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.").

## B.    DSC Would Not Be Prejudiced

DSC would not be cognizably prejudiced by the cross-use of the lab notebooks, emails, or deposition testimony.  The documents would be subject to the protective order in place in the arbitration (that DSC agreed to), and they would not be disclosed to any additional parties because the arbitration involves only Seagen and DSC.  The documents would likewise remain subject to the Protective Order in place in this case.

Seagen's request would not affect the procedural schedule in this case, nor would it require any additional effort or expense from DSC.  The documents and information for which Seagen seeks leave have already been produced by DSC in this action, and Seagen's request would not subject DSC to any additional search or expense in this action.

Granting leave for Seagen to produce these documents in the arbitration also does not determine whether these documents and information will be admissible in the arbitration. Rather, it merely gives the arbitrator the ability to consider their admissibility and exercise his discretion whether to re-open the factual record.

sf-4649327

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IV.     CONCLUSION**

This Court should grant Seagen leave to use the documents and information outlined above in the parties' co-pending arbitration.

Dated: January 14, 2022

By: /s/ *Michael A. Jacobs*

Michael A. Jacobs
MJacobs@mofo.com
Matthew A. Chivvis
MChivvis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Facsimile:  415.268.7522

Bryan Wilson
BWilson@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:   903.934.9257

*Of Counsel:*

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Charles Everingham IV
Texas State Bar No. 00787447
ce@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
WARD, SMITH & HILL, PLLC

sf-4649327

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  903.757.6400
Facsimile:   903.757.2323

*Attorneys for Plaintiff Seagen Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have

consented to electronic services are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on this the 14th day of January, 2022.

/s/ *Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

On January 12, 2022, counsel for Seagen, with Michael Jacobs as lead counsel and Travis

Underwood as local counsel, met and conferred via telephone with counsel for DSC and AZ,

with Preston Ratliff as lead counsel and Mark Mann as local counsel participating for DSC, and

David Berl and Jennifer Ainsworth participating for AZ.  The parties were unable to reach

agreement and have reached an impasse, leaving an open issue for the Court to resolve.  This

motion is opposed by Defendants.

/s/ *Michael A. Jacobs*

/s/ *Melissa R. Smith*

6

sf-4649327

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting exhibits are being filed

under seal pursuant to the Protective Order (Dkt. 55) approved and entered in this action.


/s/ *Melissa R. Smith*

7

sf-4649327