███████████████████████████

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SEAGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-00337-JRG |
| | ) | |
| DAIICHI SANKYO CO., LTD., | ) | |
| | ) | ███████████████ |
| Defendant, and | ) | |
| | ) | |
| ASTRAZENECA PHARMACEUTICALS | ) | |
| LP and ASTRAZENECA UK LTD., | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DAVID MANSPEIZER'S DECEMBER 13 REBUTTAL EXPERT REPORT

██████████████████████

### INTRODUCTION

Seagen's motion to strike the December 13, 2021 report of Defendants' expert David Manspeizer is an attempt to bury critical rebuttal facts and expert opinions concerning Seagen's allegations of willful infringement and damages from the jury and the Court.  In formulating his opinions, Mr. Manspeizer prepared a first expert report ("Initial Report") that examined the totality of the circumstances surrounding Seagen's prosecution of the '039 patent-in-suit.  The very same facts and opinions of his first report are incorporated fully into his December 13 rebuttal report ("Rebuttal Report").  Defendants' other experts, Dr. Meyer and Dr. Lambert, have expressly relied on Mr. Manspeizer's opinions to rebut Seagen's allegations of willful infringement and damages.

Contrary to Seagen's argument that Mr. Manspeizer's Rebuttal Report violates some Federal Rule of Civil Procedure, it actually achieves the exact notice requirement mandated by the Federal Rules.  Mr. Manspeizer's Rebuttal Report contains no surprises.  Instead, it provides Seagen with notice that the evidence and opinions contained therein (i) were considered by Defendants' experts Dr. Meyer and Dr. Lambert and (ii) inform Defendants' defenses against the allegations of willful infringement and damages.  Seagen claims this report prejudices Seagen by "[a]llowing DSC to engage in [] trial by ambush" as through this report "DSC[] attempt[s] to circumvent the disclosure requirements of Rule 26 and present new, previously-undisclosed theories at trial based on Mr. Manspeizer's testimony." (Seagen Mot. at 5).  Yet, Mr. Manspeizer's Rebuttal Report contains no "ambush" at all because every opinion contained therein already was provided in, and incorporated by reference to, Mr. Manspeizer's initial report.

Further, as Mr. Manspeizer's Rebuttal Report properly rebuts aspects of Seagen's allegations of damages and willful infringement, it is proper to characterize it as a rebuttal and it is titled as such: "Expert Report of David Manspeizer as to Rebuttal Issues."  Defendants should

████████████████████████████████████████

be afforded the opportunity to rebut Seagen's allegations, and therefore Seagen's motion to strike

Mr. Manspeizer's Rebuttal Report should be denied.

## I.    MR. MANSPEIZER'S REBUTTAL REPORT IS RELEVANT AND CONTAINS EVIDENCE THAT THE JURY IS ENTITLED TO HEAR

The facts giving rise to prosecution laches relate to other triable issues in this case,

including willful infringement and damages; it therefore would be unfair and improper to preclude

such facts from the jury's consideration.  Although Mr. Manspeizer did not provide an opinion on

willful infringement or damages, the facts contained in Mr. Manspeizer's report and his opinions

regarding those facts do bear on whether Daiichi Sankyo Japan's conduct was willful and the

damages amount.  (*See* Initial Report ¶¶ 32-43; Rebuttal Report ¶ 4).  More specifically, the

evidence upon which Mr. Manspeizer relies shows the absence of deliberate or intentional

infringement, which are required to establish willful infringement.  (*See* Initial Report ¶¶ 32-43);

*SRI Int'l., Inc. v. Cisco Sys., Inc.*, 14 F. 4th 1323, 1329 (Fed. Cir. 2021).  Regarding damages, for

example, Dr. Meyer's rebuttal report ███████████████████████████████



██ ████████████████████████████████████ (Ex. A, █████ Rebuttal

Report, ¶¶ 7, 207).  ██████████████████ ████████████████████████

███████████████████████████████████████████ (*Id*. ¶ 207).

Regarding willful infringement, ████████████████████ █████████████

██████ █████████████████████████████████████████

████████████████████████████████████████████

█████████████████████ ███████████████████ ████████

████████████████████████████████████████████

██████████████████████████████████████ (Ex. B, █████

Invalidity Opening Report ¶¶ 6, 79 n. 114).  The evidence concerning Seagen's delay in presenting

the claims disclosed in the '039 patent demonstrates the reasonableness of Defendants' actions,

thereby supporting a defense against the allegation of willful infringement.  Thus, as the jury will

need to consider Mr. Manspeizer's opinions, which also were relied upon by Defendants' other

experts to determine the lack of willful infringement and the correct measure of damages (if any),

excluding such opinions would be unfair and highly prejudicial.

Seagen argues against the propriety of Mr. Manspeizer's Rebuttal Report by incorrectly

claiming that it is a "backdoor" attempt to offer expert testimony on an equitable issue to the jury.

Evidence and arguments going solely to equitable issues should be tried to the bench and/or to an

advisory jury.  There is, however, no rule or case law that precludes the presentation of facts and

evidence *related to* the issue of prosecution laches to a non-advisory jury when they are relevant

to other issues.  *See* e.g.,  *SimpleAir, Inc. v. Google Inc.*, 2:14-cv-00011-JRG, Dkt. 325 at 3 (E.D.

Tex. Oct. 6, 2016) (excluding evidence "going solely to the issue of prosecution laches," but

further explaining that "[d]efendants are granted leave to approach the bench if they feel such

evidence has become relevant"); *Medtronic Xomed, Inc. v. Gyrus Ent LLC*, 440 F. Supp.2d 1333,

1336 (M.D. Fla. 2006) (denying motion for bifurcation of inequitable conduct issue because

defendant had not identified "any additional witnesses or exhibits relevant to the issue of

inequitable conduct that will not be presented or are not relevant to the liability and invalidity

issues before the jury, [and therefore] a separate bench trial of this single issue . . . would not be

the most efficient use of judicial resources"); *Mag Inst. v. J. Baxter Brinkmann Int'l*, 123 F.R.D.

543, 547 (N.D. Tex. 1988) (denying motion for separate bench trial by jury on inequitable conduct

defense because determination of validity and inequitable conduct were "intertwined" as both were

based on the existence of certain prior art).  Here, allowing Defendants' damages expert or

invalidity/noninfringement expert to explain their reliance on Mr. Manspeizer's report is *not the same* as simply putting evidence in front of the jury to advance the affirmative defense of prosecution laches as the facts giving rise to prosecution laches also relate to willful infringement and damages.  Thus, excluding Mr. Manspeizer's Rebuttal Report would prevent the jury from understanding Seagen's actions in obtaining the patent at issue, which are central facts to Defendants' defense of willful infringement, as well as arguments against alleged damages.

## II.    THE MANSPEIZER REBUTTAL REPORT COMPORTS WITH THE DISCLOSURE REQUIREMENTS OF RULE 26

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule 26"), an expert must provide a written report "when the expert was retained or specifically employed to provide expert testimony in the case."  Here, Mr. Manspeizer was retained to provide expert testimony as to one of Defendants' affirmative defenses—patent prosecution laches, and timely submitted his Initial Report on November 22, 2021 that provided his affirmative opinions on this topic.  Rule 26 requires an expert report to include (i) the opinions to be expressed and the basis for those opinions; (ii) the facts or data considered in forming those opinions; (iii) exhibits used in support of those opinions; (iv) expert qualifications; (v) a list of the cases in which the expert has testified within the past four years, and (vi) the amount that the expert is being compensated for his testimony. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Mr. Manspeizer's Initial Report and Rebuttal Report included each of requirements (i)-(vi) and thus complied with Rule 26.

Mr. Manspeizer's Rebuttal Report comports with the Federal Rules and does exactly what the Federal Rules are designed to do—it provides adequate notice that Mr. Manspeizer's opinions are being used to rebut the issues of willful infringement and damages.  Contrary to Seagen's arguments, Mr. Manspeizer's Rebuttal Report discloses the opinions and evidence that Mr. Manspeizer would present at trial, and Dr. Lambert's and Dr. Meyer's reports disclose "how

████████████████████████████████████████████████████████

[Defendants] intend[] to use Mr. Manspeizer's opinions and the alleged facts on which those opinions rely," (Seagen Mot. at 8), thus preventing any supposed "trial by ambush" (Seagen Mot. at 5).  Indeed, Mr. Manspeizer's Rebuttal Report states,  "I understand that one or more experts for Defendants, and/or counsel for Defendants, intend to use my testimony as to the incorporated facts and opinions set forth herein in support of contesting any allegations Seagen has advanced regarding willful infringement and patent damages."   (Manspeizer 12/13/2021 Rpt. ¶3). Meanwhile, in their expert reports, Dr. Meyer and Dr. Lambert cite to Mr. Manspeizer's reports, on which they rely in support of particular propositions relating to willfulness and damages. (Meyer Rebuttal Report ¶¶ 7, 207; Lambert Opening Report ¶¶ 6, 79 n. 114).  Seagen entirely overlooks the fact that ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

The case law that Seagen relies upon in support of its incorrect argument that Mr. Manspeizer's Rebuttal Report violates Rule 26 is inapposite to the facts at hand as those cases involve violations of expert disclosure requirements that did not occur in this case.  For example, in *Clear-View Technologies, Inc. v. Rasnick*, Case No. 13-CV-02744, 2015 WL 3509384, (E.D. Tex. June 3, 2015), defendants disclosed one of their experts *after the deadline* for the disclosure of initial expert disclosures as that expert was disclosed as a "rebuttal expert."  Despite the defendant's identification of the expert in *Clear-View* as a rebuttal expert, the expert's report provided only affirmative opinions and did not "explain, counteract or disprove evidence of the adverse party." 2015 WL 3509384 at *2.  Given the belated submission of the expert's affirmative opinions, the *Clear-View* court determined that the plaintiff was denied the opportunity to respond to those affirmative opinions.  *Id.* at *5.  Unlike *Clear-View*, here, Defendants disclosed Mr.

██████████████████████████████████

Manspeizer in a timely manner, notified Seagen that he would opine on affirmative issues, and his November 22, 2021 opening expert report provided such opinions.  Mr. Manspeizer's Rebuttal Report, which indicated that Defendants would rely on his testimony in addressing issues on which Defendants do not bear the burden of proof—willfulness and damages—was timely served on the deadline for such a responsive report.  Therefore, unlike the plaintiff in *Clear-View*, Seagen was not improperly deprived of any opportunity to respond to Defendants' expert via a responsive report.  The schedule of this case never permitted Seagen to submit responsive reports regarding issues of willfulness and damages.  As such, Mr. Manspeizer's Rebuttal Report did not create a circumstance, like the one in *Clear-View*, in which there was "intent to play fast-and-loose with Rule 26's requirements to the detriment of Plaintiff."  2015 WL 3509384, at *2.

Seagen also relies on *Meier v. UHS of Delaware, Inc.*, No. 18-cv-00615, 2021 WL 1561615 (E.D. Tex. 2021) for the proposition that Rule 26's purpose is to "prevent[] prejudice and surprise." In *Meier*, the expert submitted both an opening affirmative report and a supplemental report, the second of which was analyzed by the court and found to be both a supplemental and rebuttal report. The plaintiff in *Meier* contested the timeliness of the expert's second report as it was served after the deadlines provided by Rule 26.  Despite the delay, the *Meier* court determined that allowing the second report would cause no prejudice as the expert's core opinions were maintained between the opening and the second report.

Here, just like the expert reports in *Meir*, Mr. Manspeizer's Rebuttal Report does not modify any of the opinions expressed in his Initial Report nor does it suggest that any "new, previously-undisclosed theories" will be disclosed at trial.  (Seagen Mot. at 5).  Mr. Manspeizer's Initial Report contained his opinions on the issue of prosecution laches, which was based in part, on Mr. Manspeizer's review of evidence relating to Seagen's prosecution of the '039 patent family.

Mr. Manspeizer's Rebuttal Report, incorporates his Initial Report by reference, and simply explains that Defendants' other experts may rely on his Initial Report to support their opinions as to no willful infringement and damages.  And that Rebuttal Report, along with Defendants' other expert reports on willfulness and damages, were timely served on the agreed-upon schedule.

### III.   MANSPEIZER'S DECEMBER 13, 2021 REPORT REBUTS SEAGEN'S ALLEGATIONS OF WILLFUL INFRINGEMENT AND DAMAGES

Mr. Manspeizer's Rebuttal Report is a proper rebuttal expert report that puts Seagen on notice that Defendants' other expert witnesses may rely on his opinions in forming their own arguments against Seagen's allegations of willful infringement and damages.  First, Mr. Manspeizer's Rebuttal Report was served in a timely manner—on the agreed upon deadline for Defendants to serve such responsive reports on these issues.  Further, Mr. Manspeizer's Rebuttal Report is a proper rebuttal as it "explains" how his opinion may be used to "disprove[] evidence" included in any of Seagen's own expert reports on the issues of willful infringement and damages, which were issues raised in Seagen's opening expert reports.  *See Meier,* 2021 WL 1561615 at *3 (explaining that the Eastern District of Texas "characterizes a rebuttal report as one that 'explains, repels, counteracts, or disproves evidence of the adverse party's initial report.'") quoting *Gibson Brands, Inc. v. Armadillo Distrib. Enter., Inc.*, No. 4:19-CV-00358, 2020 WL 6581868, at *2 (E.D. Tex. 2020).  Dr. Meyer's and Dr. Lambert's report further disclose how they are relying on his testimony.

In an attempt to put up an additional block that could prevent the jury's consideration of evidence rebutting the issues of willful infringement and damages, Seagen argues that Mr. Manspeizer's Rebuttal Report cannot be considered a supplemental report.  Without the support of any case law, federal or local rule, Seagen argues that because Mr. Manspeizer's Rebuttal Report was "served three weeks after the initial expert disclosure deadlines set by this Court," it "cannot

be considered part of [Defendants'] opening report," and therefore cannot be considered a supplemental report. (Seagen Mot. at 7); *but see Meier*, 2021 WL 1561615 at *3 (E.D. Tex. 2021) (acknowledging that "what constitutes a supplemental expert report is not a clear-cut issue and 'the distinction likely depend[s] on the facts of the case'") quoting *Gibson Brands*, 2020 WL 6581868, at *2.

Seagen's attempt to reclassify Mr. Manspeizer's Rebuttal Report is a red-herring. The classification of Mr. Manspeizer's Rebuttal Report as rebuttal, supplemental, both, or neither, does not affect the propriety of the report. Mr. Manspeizer's Rebuttal Report meets the requirements of Rule 26 and was timely served on the deadline for Defendants to serve reports that address willfulness and damages. There is therefore no basis to strike it. Ironically, Seagen's arguments contradict Seagen's own actions in this case. Seagen takes the position that an additional or "supplemental" report served three weeks after an opening report is per se improper. Assuming, in arguendo, that Seagen is correct, then Seagen's own damages report should be stricken as untimely. After all, Seagen's own damages expert, Ms. Distler, submitted *three* different reports all addressing the very same issue—an opening report on November 22, a corrected report on November 23, and an updated report on December 13. The third of these reports was served a full three weeks after the November 22 deadline for Seagen to submit reports on damages.

Because Mr. Manspeizer's Rebuttal Report was timely served, comports with the requirements of Rule 26, and provides Seagen with adequate notice of how Mr. Manspeizer's opinions may be used to rebut aspects of Seagen's allegations of willful infringement and damages, the Court should deny Seagen's motion to strike.

████████████████████████████████████████████

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Seagen's

motion to strike Mr. Manspeizer's Rebuttal Report.

███████████████████████████████████

Dated:  January 20, 2022

Respectfully submitted,

/s/ *Preston K. Ratliff II*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

*Attorneys for Defendant Daiichi Sankyo Company, Limited*

OF COUNSEL:

Preston K. Ratliff II
Joseph M. O'Malley, Jr.
Ashley N. Mays-Williams
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Jeffrey A. Pade
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700

*Attorneys for Defendant Daiichi Sankyo Company, Limited*

10

████████████████████████████████████

/s/ *David I. Berl*

David I. Berl
dberl@wc.com
Thomas S. Fletcher
tfletcher@wc.com
Jessica L. Pahl
jpahl@wc.com
Kathryn S. Kayali
kkayali@wc.com
Kevin Hoagland-Hanson
khoagland-hanson@wc.com
Andrew L. Hoffman
ahoffman@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5000
Facsimile: (202) 434-5029

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Phone: (903) 509-5000
Facsimile: (903) 509-5092
*Attorneys for AstraZeneca Pharmaceuticals
LP and AstraZeneca UK Ltd.*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on January 20, 2022.

/s/ Preston K. Ratliff II