IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:20-CV-00337-JRG |
| § | |
| DAIICHI SANKYO CO., LTD., § | |
| § | |
| *Defendant*, § | |
| § | |
| ASTRAZENECA PHARMACEUTICALS § | |
| LP, and ASTRAZENECA UK LTD § | |
| § | |
| *Intervenor-Defendants*. § | |

# ORDER

The Court issues this Order *sua sponte*. On January 28, 2022, Defendant Daiichi Sankyo Co., Ltd. ("DSC") filed its Response in Opposition to Seagen, Inc.'s ("Seagen") Motion for Leave to use Certain Documents in Co-Pending Arbitration ("DSC's Opposition"). (Dkt. No. 278). DSC's Opposition raises serious allegations regarding an alleged violation of the Court's Discovery Order and Protective Order. (*E.g., id.* at 1, 5–7) ("In sum, Seagen repeatedly violated the Court's Discovery Order and Protective Order by quoting, displaying, providing, summarizing, describing, and referencing the contents of the Texas Discovery Material."). The Court takes these allegations seriously, and the Court will not hesitate to issue sanctions if it finds its orders have been ignored.[1] Accordingly, it is **ORDERED** that if DSC believes Seagen has engaged in sanctionable conduct regarding the Court's Discovery Order and Protective Order, it shall move for sanctions **no later than February 10, 2022**. Said motion shall

---

[1] *See CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-cv-01470, 2021 WL 3738847 (E.D. Tex. Aug. 24, 2021).

unambiguously describe the allegedly sanctionable conduct and circumstances related thereto, supported by accompanying exhibits (if applicable), and not exceed ten (10) pages in length. Should DSC file such motion, Seagen may file a response in opposition no later than **February 17, 2022**. Seagen's response shall not exceed ten (10) pages in length. No reply or sur-reply shall be filed without advanced leave from the Court. Should, however, despite the language employed by DSC in its Opposition, an affirmative motion for sanctions not be filed by DSC on or before February 10, 2022, then the Court will consider such allegations to be unfounded and proceed to consider Seagen's Motion without the cloud imposed by DSC's strong words.[2]

**So ORDERED and SIGNED this 2nd day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] Said another way, DSC needs to fish or cut bait.