# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., | ) |
|                Plaintiff, | ) |
| v. | ) CASE NO. 2:20-cv-00337-JRG |
| DAIICHI SANKYO CO., LTD., | ) |
|                Defendant, and | ) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA UK LTD., | ) |
|                Intervenor-Defendants. | ) |

**DAIICHI SANKYO COMPANY, LIMITED'S MOTION FOR LEAVE TO USE CERTAIN DISCOVERY MATERIALS IN A PENDING ARBITRATION**

## I.  INTRODUCTION

Daiichi Sankyo Company, Limited ("Daiichi Sankyo Japan") respectfully moves pursuant to the Discovery Order (Dkt. 51 at § 12(b)) and the Protective Order (Dkt. 55 at §§ 6, 8) for leave to use certain documents produced by Plaintiff Seagen Inc. ("Seagen") in this action, and associated deposition testimony from this action, in a pending arbitration between Seagen and Daiichi Sankyo Japan.  As background, on January 6, 2022, Seagen moved the arbitrator to reopen the hearing record in the arbitration that was scheduled to be decided by January 31, 2022.  In support of its motion, without first obtaining leave of this Court, Seagen used Daiichi Sankyo Japan-produced discovery from this action in violation of the Court's Discovery Order and Protective Order. (*See* Dkt. 278.)  Specifically, Seagen's motion to reopen, as well as its reply, oral argument, and demonstrative slides in support thereof, repeatedly quoted, provided, detailed, and directly referenced the contents of the Daiichi Sankyo Japan's discovery materials.  (*See id.*)[1] Daiichi Sankyo Japan opposed Seagen's motion and disputed Seagen's mischaracterization of the materials, however, the arbitrator reopened the arbitration, reasoning in part that he needed to reopen to evaluate whether the materials in question were mischaracterized and/or cumulative. The arbitrator also acknowledged that reopening the hearing would afford Daiichi Sankyo Japan the opportunity to present additional evidence.

Unlike Seagen, who used Daiichi Sankyo Japan's discovery materials in the arbitration first and filed a motion for leave of Court after-the-fact, Daiichi Sankyo Japan follows the Court's orders and has not used or introduced the Seagen-discovery materials as to which Daiichi Sankyo Japan seeks leave in the arbitration.  If and when leave is granted, Daiichi Sankyo Japan intends

---

[1] Seagen moved for leave of Court after-the-fact (Dkt. 262), which Daiichi Sankyo Japan opposed due to Seagen's violation of the Discovery Order and Protective Order (Dkt. 278).

to use the materials (i) in a motion to the arbitrator for the materials to be received as evidence in the arbitration, and (ii) if such motion is granted, as evidence in the arbitration.  Given Seagen's position that there should be broad cross-use of discovery in this action and the arbitration, Seagen will face no prejudice if Daiichi Sankyo Japan's request for leave is granted.

## II.     ADDITIONAL RELEVANT BACKGROUND

### A.     The Parties' Disputes

On November 12, 2019, Seagen filed an arbitration against Daiichi Sankyo Japan regarding, among other things, patent rights to Daiichi Sankyo Japan's groundbreaking drug product, DS-8201.  The arbitration hearing was declared closed as of September 1, 2021.  Seagen and Daiichi Sankyo Japan had agreed that the final award in the arbitration would be due November 30, 2021, after which they agreed to extend it to January 31, 2022 upon the arbitrator's request.

On January 6, Seagen filed a motion in the arbitration to reopen the arbitration hearing to introduce certain discovery materials that Daiichi Sankyo Japan has produced in this action.  In support of its motion to reopen, Seagen repeatedly quoted, provided, detailed, and directly referenced the contents of the Daiichi Sankyo Japan's discovery materials, despite the fact Seagen had not even requested leave of Court to use such materials in the arbitration.  (*See* Dkt. 278.)  On January 25, 2022, the arbitrator reopened the hearing, while acknowledging Daiichi Sankyo Japan's request that if proceedings are reopened, then it must be permitted to move to present additional evidence as well.  (*See id*.)

### B.     The Court's Orders

The Court's Discovery Order permits cross-use of discovery materials from this action in other proceedings such as the arbitration "so long as the parties obtain leave from the tribunal presiding over the proceeding in which the document was produced." (Dkt. 51 § 12(b).)  Likewise,

the Protective Order in this case requires leave of Court for discovery materials from this case to be used in other proceedings such as the arbitration. (Dkt. 55 §§ 6, 8.)

### C. Seagen-Produced Discovery Materials As To Which Daiichi Sankyo Japan Seeks Leave To Use In The Arbitration

Daiichi Sankyo Japan seeks leave to use in the arbitration certain Seagen-produced documents and certain transcripts of depositions of Seagen witnesses from this lawsuit that provide additional context for the content of the Seagen-produced documents.

With regard to documents, Daiichi Sankyo Japan seeks leave to use in the arbitration the following Seagen-produced documents:

> SGIEDTX00163494-558,
> SGIEDTX00163806-830,
> SGIEDTX00164811-856,
> SGIEDTX00165790,
> SGIEDTX00165845-946,
> SGIEDTX00166018-021,
> SGIEDTX00170097-104,
> SGIEDTX00173542-543,
> SGIEDTX00186566,
> SGIEDTX00187910-960,
> SGIEDTX00202204-230,
> SGIEDTX00218668-669,
> SGIEDTX00221715-716,
> SGIEDTX00228965-9071,
> SGIEDTX00232961-963,
> SGIEDTX00239276-277,
> SGIEDTX00266973-975, and
> SGIEDTX00353537-588.

These documents show Seagen's awareness and analysis as early as 2017 of Daiichi Sankyo Japan's DS-8201 technology, and further indicate Seagen's understanding and acknowledgement that the technology was "proprietary" to Daiichi Sankyo Japan. These documents were produced to Daiichi Sankyo Japan by Seagen for the first time in this action *after* the September 1, 2021 close of the arbitration hearing.

With regard to deposition transcripts, Daiichi Sankyo Japan seeks leave to use in the

arbitration the transcripts of the following depositions taken in this action:

> Scott Jeffrey (November 12, 2021), and
> Peter Senter (November 17-18, 2021).[2]

Although the identified materials became known to Daiichi Sankyo Japan after the September 1, 2021 close of the arbitration, Daiichi Sankyo Japan initially did not move for leave of Court to use them in the arbitration because it understood and respected that the arbitration had been closed and both Seagen and Daiichi Sankyo Japan had agreed to a prompt resolution of that dispute. With the arbitration now reopened, Daiichi Sankyo Japan should be permitted to use the identified materials that should have been produced in the arbitration.

Seagen and Daiichi Sankyo Japan have met and conferred regarding cross-use of discovery materials in the arbitration as well as Daiichi Sankyo seeking leave of this Court. Seagen indicated it would oppose Daiichi Sankyo Japan's request for leave unless Daiichi Sankyo Japan withdrew its response (Dkt. 278) to Seagen's request for leave (Dkt. 262). Daiichi Sankyo Japan is unwilling to so withdraw its response, because it is based in part on the fact that Seagen already violated the Discovery Order and Protective Order (which precipitated the reopening of the arbitration, delayed the resolution thereof, and necessitated the instant motion so Daiichi Sankyo Japan can introduce the newly-produced *Seagen* material as well).

### III.   ARGUMENT

#### A.   Leave Is Appropriate Under The Discovery Order And The Protective Order, As Daiichi Sankyo Japan Has Not Yet Used The Materials In The Arbitration.

The Discovery Order and Protective Order contemplate and provide for cross-use of certain

---

[2] The above-identified documents and deposition transcripts shall be referred to herein as the "Seagen Materials."

materials from this action in the arbitration, so long as the party seeking such cross-use first obtains leave of the Court. Here, Daiichi Sankyo Japan is doing just that. It has not yet used the Seagen Materials in any way in the srbitration.[3] Daiichi Sankyo Japan's request for leave is limited to a narrow set of certain documents and deposition transcripts, all of which were not provided until after the arbitration had closed. If leave is granted, Daiichi Sankyo Japan intends to use the Seagen Materials in a motion to the arbitrator to receive the materials as evidence in the arbitration, and if that motion is granted, Daiichi Sankyo Japan will use the materials as evidence in the arbitration.

### B. Seagen Would Not Be Prejudiced

Seagen will not face any prejudice from leave being granted. As discussed above, if leave is granted, Daiichi Sankyo Japan will file a motion to have the materials received as evidence in the arbitration and, if such motion is granted, will use the materials as evidence in the arbitration. The arbitrator's order reopening the arbitration contemplates this occurrence. Fairness dictates that if Seagen is permitted to submit new materials in the reopened arbitration, so too should Daiichi Sankyo Japan. And any time it takes for Daiichi Sankyo Japan to submit its motion and present and argue these materials as evidence in the arbitration is a result of Seagen's actions in reopening the hearing; thus, Seagen can hardly claim any undue prejudice from the consequences that precipitate from its own actions. Further, Seagen has consistently argued for broad cross-use of discovery in this action and the arbitration since the inception of this action.

---

[3] Indeed, during the oral argument on Seagen's motion to reopen the arbitration, the arbitrator asked Daiichi Sankyo Japan what evidence it would seek to introduce, and Daiichi Sankyo Japan explained that it needed leave of Court to disclose the materials to the arbitrator and so it could not yet discuss them.

## IV. CONCLUSION

In light of the foregoing, Daiichi Sankyo Japan respectfully requests the Court grant this motion and grant leave for Daiichi Sankyo Japan to present and use the Seagen Materials in the arbitration.

|  |  |
|---|---|
| Dated: February 2, 2022 | Respectfully submitted,<br><br>/s/ *Preston K. Ratliff II*<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas, 75701<br>+1 (903) 705-1117<br>+1 (903) 581-2543 facsimile<br>ddacus@dacusfirm.com<br><br>J. Mark Mann<br>State Bar No. 12926150<br>mark@themannfirm.com<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited*<br><br>OF COUNSEL:<br><br>Preston K. Ratliff II<br>Joseph M. O'Malley, Jr.<br>Ashley N. Mays-Williams<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br><br>Jeffrey A. Pade<br>Paul Hastings LLP<br>2050 M Street NW<br>Washington, DC 20036<br>(202) 551-1700<br><br>*Attorneys for Defendant Daiichi Sankyo Company, Limited* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on February 2, 2022.

/s/ Preston K. Ratliff II

**CERTIFICATE OF CONFERENCE**

On January 12, 2022, counsel for Seagen, with Michael Jacobs as lead counsel and Travis Underwood as local counsel, met and conferred via telephone with counsel for Daiichi Sankyo Japan and the AstraZeneca Intervenor-Defendants, with Preston Ratliff as lead counsel and Mark Mann as local counsel participating for Daiichi Sankyo Japan and David Berl and Jennifer Ainsworth participating for the AstraZeneca Intervenor-Defendants, regarding cross-use of documents produced in Texas.  Further, on January 28, 2022 and February 1, 2022, counsel for Daiichi Sankyo Japan, with Preston Ratliff as lead counsel, met and conferred via telephone with counsel for Seagen, with Michael Jacobs as lead counsel.  The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve.  Daiichi Sankyo Japan understands this motion is opposed by Seagen.

/s/ Preston K. Ratliff II

[redacted]