**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEAGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-00337-JRG |
| | ) |
| DAIICHI SANKYO CO., LTD., | ) |
| | ) |
| Defendant, and | ) |
| | ) |
| ASTRAZENECA PHARMACEUTICALS | ) |
| LP and ASTRAZENECA UK LTD., | ) |
| | ) |
| Intervenor-Defendants. | ) |

## DEFENDANTS' MOTION TO STAY PENDING POST-GRANT REVIEW

The Patent Office has determined that "it is more likely than not that claims 1-5, 9, and 10" of U.S. Patent No. 10,808,039 (the "'039 Patent") are invalid. Ex. 1 at 25-26.[1] It has therefore instituted post-grant review of each of the claims asserted in this action. If the post-grant review results in the cancellation of the asserted claims, this proceeding will be moot and no further action required. Although the jury has returned its verdict, numerous post-trial proceedings must still take place before this Court, including a bench trial on the equitable defense of prosecution laches and the resolution of the parties' post-trial motions. Conversely, if the post-grant review confirms any of the asserted claims, and that finding is affirmed on appeal, statutory estoppel under 35 U.S.C. § 325(e)(2) will attach. A stay pending the conclusion of the post-grant review will therefore greatly reduce the burden of this litigation on the Court and the

---

[1] "Ex." refers to the exhibits attached to the April 25, 2022 Declaration of Preston K. Ratliff II submitted in support of Defendants' Motion to Stay Pending Post-Grant Review.

parties.  Accordingly, the Defendants respectfully request a stay of this case until a final decision on the post-grant review of the '039 Patent is issued.[2]

## I.      BACKGROUND

Seagen filed the application that issued as the '039 Patent in June 2019.  It "wrote the '039 Patent claims to cover" Daiichi Sankyo's drug, Enhertu.  Dkt. 374, Trial Tr. (Day 1) at 178-79.  The patent issued on October 20, 2020 and Seagen sued immediately.  As Seagen's counsel put it, "this is a case over money damages, whether [Daiichi Sankyo] owes a reasonable royalty to Seagen for patent infringement[.]"  Dkt. 377, Trial Tr. (Day 4) at 57.  This litigation has no effect on the marketplace.  Seagen has forsaken any request for injunctive relief, and it emphasized to the jury that "Enhertu is an available treatment and will continue to be an available treatment."  *See id.* at 58.

Seagen's complaint in this action accused Daiichi Sankyo Company, Limited ("Daiichi Sankyo Japan") of infringing claims 1-4.  Dkt No. 1 at 7-9.  Following issuance of the '039 Patent, Daiichi Sankyo Inc. and AstraZeneca Pharmaceuticals LP (collectively, "Petitioners") petitioned the Patent Office to institute post-grant review of claims 1-5, 9, and 10 in PGR2021-0030, filed December 23, 2020.  Ex. 2.[3]  On January 6, 2021, Seagen served contentions in this action accusing Daiichi Sankyo Japan of infringing all of claims 1-10.  Ex. 3.  Following Seagen's expansion of this case to include claims 6-8, Petitioners promptly filed a second petition for post-grant review seeking cancellation of those claims too in PGR2021-0042, filed on January 22, 2021.  Ex. 4.

---

[2] If any appeal from the Patent Office's decision is sought, the Court can reassess duration of the stay.

[3] While defendants Daiichi Sankyo Japan and AstraZeneca UK are not parties to the post-grant review petitions, they are named as real parties-in-interest and would be equally bound by estoppel if any claims were confirmed.

Seagen opposed institution of the petitions for post-grant review, arguing that the Patent Office should exercise its discretion not to adjudicate the petitions in favor of this case proceeding to trial.  The Patent Office recognized that "the present record shows that there may be merit to Petitioner's scope of enablement challenges," Ex. 5 at 19, but nevertheless exercised its discretion not to institute, *id.* at 2; *see also* Ex. 6.

Less than a month after having used its assertion of claims 6-8 in this litigation to defeat institution of the petition for post-grant review, Seagen abandoned its contentions that those claims are infringed.  Dkt. 121 at 3 n.2.

Petitioners promptly sought rehearing of the Patent Office's denial of institution.  Exs. 7-8.  Among other arguments, Petitioners noted that the validity of claims 6-8 would *not* be adjudicated in the Texas case in view of Seagen's decision to abandon its infringement contentions.  Petitioners also emphasized Congress' purpose in creating post-grant review as an alternative to litigation:

> Congress did so in order to incentivize "*early challenges* to patents," and it believed that "[t]his new, *but time-limited*, post-grant review procedure will provide a meaningful opportunity to improve patent quality and restore confidence in the presumption of validity that comes with issued patents in court." H.R. Rep. No. 112-98, pt. 1, at 47-48 (emphasis added). By setting forth strict time limits both with respect to the filing and adjudication of PGRs, Congress explicitly promulgated a statutory pathway to ensure review of patents "early in their life, *before* they disrupt an entire industry or result in expensive litigation." 157 Cong. Rec. S1326 (daily ed. Mar. 7, 2011) (statement of Sen. Sessions) (emphasis added).

Ex. 8 at 7.  Petitioners also filed a civil action under the Administrative Procedure Act ("the APA") challenging the Patent Office's policy of denying post-grant review institution due to parallel district court litigation.  Ex. 9.

On April 7, 2022, the Patent Office granted the petitions for rehearing and instituted post-grant review of claims 1-10 of the '039 Patent.  In doing so, the Patent Office emphasized the

"strong merits" of the petitions.  Ex. 1 at 3; Ex. 10.  It also noted that Seagen's tactical abandonment of claims 6-8 vitiated the Patent Office's prior rationale for denying institution of the second petition, and that it would no longer decline to adjudicate the first petition either.  Ex. 1 at 7.

Since then, Seagen of its own volition disclaimed the entire remaining term of claims 6-8, which depend from claim 1.  Ex. 11.  Using this disclaimer as a main basis, Seagen has now asked the Patent Office to reconsider its decision to institute the post-grant review petition for claims 1-5, 9, and 10.  *See* Ex. 12 at 4.[4]  Seagen's conduct—which sought to game the Patent Office's institution process—resulted in a considerable delay in post-grant review institution and should not be rewarded.

In the meantime, several issues remain to be addressed in this Court.  This Court needs to hold trial on the equitable defense of prosecution laches, a trial that could become unnecessary if the Board maintains its preliminary opinion concerning the strong merits of the invalidity arguments and cancels the claims.  This Court also will be asked to entertain Defendants renewed motions for judgment as a matter of law on Defendants' Section 102 and 112 arguments, motions that will be rendered moot if the Patent Office cancels the claims *or* confirms the claims.  Seagen's recent motion for entry of a schedule on Defendants' prosecution laches defense and for briefing on post-trial motions underscores the necessity of a stay at this juncture in the case.  Dkt. 390.

## II.     LEGAL STANDARD

A district court "has the inherent power to control its own docket, including the power to stay proceedings before it."  *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-

---

[4] Seagen's rehearing request remains pending before the Patent Office as of this motion.

00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016).  This power to stay

proceedings includes the "authority to order a stay pending conclusion" of Patent Office

proceedings.  *See id.*; *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Courts

evaluating a motion to stay in view of a parallel Patent Office proceeding involving the same

patent will typically consider "(1) whether a stay will unduly prejudice or present a clear tactical

disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and

trial of the case, and (3) whether discovery is complete and whether a trial date has been set."

*AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2021 WL 465424, at *2

(E.D. Tex. Feb. 9, 2021).  In particular, in the context of post-grant validity challenges before the

Patent Office, "special attention should be given to minimizing the burdens of litigation" when

considering whether a stay leads to a simplifying of the issues.  *See CyWee Grp., Ltd. v. Samsung

Elecs. Co*., No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019)

(Bryson, J.).

## III.    ARGUMENT

Congress created the post-grant review system to give the Patent Office the first and final

say in adjudicating questions of validity.  Applying the traditional three-factor test concerning

stays of litigation to the facts of this case makes clear that this Court should conserve its and the

parties' resources and stay this proceeding until the Patent Office's final determination.

1.      A stay will not unduly prejudice or tactically disadvantage Seagen.  The Federal

Circuit has explained that the question of "whether the patentee will be *unduly prejudiced* by a

stay . . . focuses on the patentee's need for an expeditious resolution of its claim."  *VirtualAgility

Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014).  Seagen will not suffer any

prejudice because this case is just about "money damages."  Courts have consistently found that

parties like Seagen suffer no prejudice in these circumstances because they can be compensated

by damages (combined with pre- and/or post-judgment interest) in the event that the claims are upheld. *See, e.g.*, *VirtualAgility*, 759 F.3d at 1318 (finding no undue prejudice, since a stay "only delays realization of . . . damages"); *CyWee Grp.*, 2019 WL 11023976, at *11 ("[n]othing in CyWee's characterization of its activities suggests any reason why a damages award, with pre-judgment interest, would not fully compensate it for any injury served, even if there is some delay in the resolution of the litigation"); *see also Stragent LLC v. BMW of N. Am, LLC*, No. 6:16-cv-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) ("mere delay in collecting those damages does not constitute undue prejudice") (quoting *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-ca-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (internal quotation marks omitted)).

The Court should be skeptical of any allegations by Seagen that it will be prejudiced by a stay at this juncture given that it was Seagen's gamesmanship in asserting, dropping, and disclaiming claims 6-8 that extended and complicated these proceedings.[5]  Petitioners, on the other hand, expeditiously sought the Patent Office's review of the '039 Patent via post-grant review, which upon completion will *simplify*, rather than complicate, these proceedings, however it resolves.  This expeditious conduct by Petitioners underscore that the post-grant review proceeding is not an attempt to take a "second bite of the apple" after an unfavorable verdict. *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, 439 F. Supp. 3d 860, 872 (E.D. Tex. 2020).  To the contrary, the post-grant review proceeding will be Petitioners' one and only "bite."  If Petitioners prevail (and that finding is affirmed on appeal), the '039 Patent will be slated for

---

[5] Seagen's gamesmanship in putting those claims in play and then taking them out is reminiscent of the childhood game of hokey pokey.

cancellation.  If Petitioners lose (and the Federal Circuit affirms), the '039 Patent will be confirmed and estoppel under 35 U.S.C. § 325(e)(2) will apply.

2.      As emphasized above, the requested stay will substantially simplify issues for this Court, thereby conserving judicial resources.  Simplification of the issues and judicial economy weigh especially in favor of a stay in circumstances where, as here, all of the asserted claims are being reviewed.  *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-bbc, 2015 WL 2248437, at *3-4 (W.D. Wis. May 13, 2015); *VirtualAgility*, 759 F.3d at 1314.

Although this stay comes at an advanced stage of this case, the Court still has several outstanding issues to resolve, including in connection with equitable defenses and enhanced damages—issues that will require additional briefing, evidentiary hearing, and consideration by this Court.  For instance, if the Court does not grant a stay, it will need to hold another trial on the equitable defense of prosecution laches.  The Court is also still to entertain the parties' post-trial motions, including potential motions for judgment as a matter of law and for a new trial.  If the Court stays this case and the Patent Office invalidates one or all of the asserted claims, the Court and the parties will have saved significant costs, time, and resources that they would otherwise expend on resolving these outstanding issues, including substantial post-trial briefing on issues including enablement and written description.  Seagen also intends to file post-trial motions.  Dkt. 390.

The likelihood that the Patent Office will find at least some of these claims to be unpatentable is not speculation.  As the Patent Office itself observed, "it is more likely than not that Petitioner would prevail in showing that at least one claim of the '039 patent is unpatentable" in instituting all of the asserted claims.  There is thus a high probability that judicial resources will be saved here.  Ex. 1 at 40.  The Court's and parties' investment of time

and energy into further proceedings have a strong likelihood of being wasted, especially if the Patent Office maintains its conclusion that the "strong merits" of Petitioners' contentions will lead it to cancel the '039 Patent's claims.

      3.     The final factor in the traditional stay analysis concerns the state of the litigation. Here, the Court has held trial, but judgment has not been entered, and there remain several issues to resolve before judgment can be entered.

*     *     *

The three factors weigh in favor of granting the requested stay; the potential for simplification of this proceeding weighing especially strongly in favor of a stay.  In circumstances where the Patent Office has instituted trial as to all asserted claims, the Federal Circuit has held that denying a stay was an abuse of discretion where factors such as simplifying the issues and conserving judicial resources weighed especially heavily in favor of stay. *VirtualAgility*, 759 F.3d at 1320.  The Court should not similarly abuse its discretion here.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendants' motion to stay this case until a final decision on the post-grant review of the '039 Patent is issued.

Dated:  April 25, 2022

Respectfully submitted,

*/s/ Preston K. Ratliff II*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

*Attorneys for Defendant Daiichi Sankyo Company,*
*Limited*

**Of Counsel**:

Preston K. Ratliff II
Ashley N. Mays-Williams
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Jeffrey A. Pade
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700

*Attorneys for Defendant Daiichi Sankyo Company,*
*Limited*

/s/ David I. Berl

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Phone: (903) 509-5000
Facsimile: (903) 509-5092

*Attorneys for Intervenor-Defendants AstraZeneca*
*Pharmaceuticals LP and AstraZeneca UK Ltd*

**Of Counsel:**

David I. Berl
Thomas S. Fletcher
Jessamyn Berniker
Jessica L. Pahl
Kathryn Kayali
Kevin Hoagland-Hanson
Angela X. Gao
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Phone:  (202) 434-5000
Facsimile:  (202) 434-5029

*Attorneys for Intervenor-Defendants AstraZeneca*
*Pharmaceuticals LP and AstraZeneca UK Ltd*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 25, 2022.

*/s/ Preston K. Ratliff II*

**<u>CERTIFICATE OF CONFERENCE</u>**

On April 22, 2022, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff who indicated that it opposes the relief sought by this Motion.

*/s/ Preston K. Ratliff II*