# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| SEAGEN INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>DAIICHI SANKYO CO., LTD.,<br><br>*Defendant*,<br><br>ASTRAZENECA PHARMACEUTICALS LP, and<br>ASTRAZENECA UK LTD,<br><br>*Intervenor-Defendants.* | Civil Action No.  2:20-CV-00337-JRG |

## SEAGEN'S RESPONSE TO DEFENDANTS' MOTION TO STAY PENDING POST-GRANT REVIEW

SF-4812199

## I.     INTRODUCTION

Defendants' Motion to Stay Pending Post-Grant Review ("Motion") does not even acknowledge (much less address) that this Court has already denied the same request.  Just before closing arguments, the Court denied Defendant's request for a stay, finding the advanced stage of the trial and "the effect of what's been proffered to the Court" warranted denial.  (Trial Tr. (April 8, 2022) ("Day 5 Tr.") at 50-51.)  This Motion amounts to a motion for reconsideration of that denial, but Defendants state no basis for reconsideration.  The only new, relevant fact since the Court's denial is that the jury returned a verdict in Plaintiff Seagen's favor.  (Dkt. 369.)  These circumstances strongly support denial of Defendants' Motion.

Should the Court turn to the merits, Defendants' Motion would fail under the traditional three-factor test set forth in the Motion.  Granting Defendants' request for a stay *now* after the jury has already returned a verdict would be highly prejudicial to Seagen and waste judicial resources.  The parties and the Court already devoted considerable time and effort preparing for and conducting a trial on the same defenses that Defendants presented to the Patent Office, and the jury resolved those defenses in Seagen's favor.  The only "benefit" that Defendants present is that they would get a second bite at the apple, trying to convince the Patent Office to take a position inconsistent with the jury's verdict.  But this risk of inconsistency, however remote, is a reason to deny the stay in favor of the more advanced proceeding—this one.  Defendants' renewed Motion should be denied.

## II.    LEGAL STANDARD

This Court has explained that reconsideration of an interlocutory order is only warranted in the following circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *King v. Cardinal Servs., LLC*, No. 2:19-cv-00217-RSP, 2021 WL

1601356, at *1 (E.D. Tex. Apr. 22, 2021); *see also Oyster Optics, LLC v. Coriant Am. Inc.*,

No. 2:16-CV-01302-JRG, 2018 WL 7019353, at *1 (E.D. Tex. Mar. 2, 2018) (same).

Defendants cannot meet these standards.  Nor can Defendants satisfy their burden to demonstrate

a stay is appropriate under the traditional three-factor test used to evaluate whether a district

court action should be stayed in favor a parallel Patent Office proceeding: "(1) whether the stay

will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have

reached an advanced stage, including whether discovery is complete and a trial date has been set

and (3) whether the stay will likely result in simplifying the case before the court." *VirnetX Inc.*

*v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 WL 398433, at *2 (E.D. Tex. Jan. 12, 2018).

## III.     ARGUMENT

Defendants fail to demonstrate that their request for a stay warrants reconsideration.

They do not present any new evidence, nor do they cite any intervening legal changes.  And even

if the Court were to consider Defendants' Motion on the merits anew, Defendants have not

satisfied their burden to show that a stay of the entry of judgment would be the appropriate

course of action.  Granting Defendants' Motion to stay would not result in significant

simplification of the case at its advanced stage.  Instead, a stay would unduly prejudice Seagen,

which has already devoted considerable time and resources into obtaining a jury verdict to

protect its patent rights.

### A.      Defendants Do Not Meet the Standard for Reconsideration

Defendants overlook that the Court already considered and denied their request for a stay

in light of the Patent Office's institution of post-grant review.  (Day 5 Tr. at 50-51.)  On April 8,

2022, Defendants notified the Court that the "United States Patent and Trademark Office Patent

Trial and Appeal Board instituted post grant review of all asserted claims in this action" and

sought to stay the action on that basis.  (*Id.* at 50.)  Defendants also argued that in their view,

"[t]he Patent Office has determined that there is a reasonable likelihood that those claims are invalid." (*Id.*) In this Motion, Defendants again argue "[t]he Patent Office has determined that 'it is more likely than not that claims 1-5, 9, and 10' of U.S. Patent No. 10,808,039 (the "'039 Patent") are invalid" and "[a] stay pending the conclusion of the post-grant review will therefore greatly reduce the burden of this litigation on the Court." (Motion at 1-2.) None of these facts or arguments is new.

After considering Defendants' arguments previously, the Court explained that the Defendants' request comes on the eve of a verdict as the jury was "waiting for the Court to bring them in and give its final jury instructions and hear closing arguments from counsel." (Day 5 Tr. at 50.) The Court then denied Defendants' request for a stay, noting the advanced stage of this proceeding "and the effect of what's been proffered to the Court." (*Id.* at 50-51.) Mere disagreement with the Court's ruling does not support a motion for reconsideration. A motion for reconsideration "should not be used to raise arguments that could, and should have already been advanced by a party." *RMail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-258-JRG, 2014 WL 12614488, at *2 (E.D. Tex. Apr. 4, 2014) (quoting *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749 (E.D. Tex. July 31, 2012) (internal quotations omitted); *cf. Templet*, 367 F.3d at 479 (explaining that a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before."). Defendants have forfeited arguments to the Court—on prejudice, simplification, and stage of case—that they chose not to make when they requested a stay at trial. (*Compare* Day 5 Tr. at 50-51 *with* Dkt. 392 at 5-8.)

What has transpired since the Court's denial of the Defendants' prior request for a stay further supports denial of this Motion. Since then, the jury has a returned a verdict in favor of

Seagen, after considering the same invalidity defenses that Defendants now raise before the Patent Office.  For example, Defendants assert to the Patent Office that claims 1-5, 9, and 10 of the '039 patent are unpatentable based on lack of adequate written description, lack of enablement, and anticipation.  (Dkt. 392-2, Ratliff Ex 1 at 16.)  As the Court's final jury instructions and the verdict sheet make clear, the jury considered and rejected the same invalidity arguments for the same claims.  (Day 5 Tr. at 80-88; Dkt. 369 at 5.)

In addition, Defendants' assertion that "[t]he likelihood that the Patent Office will find at least some of these claims to be unpatentable is not speculation" is exactly that—speculation. And Defendants fail to inform the Court that Seagen has requested a rehearing of the Patent Office's decision to institute post-grant review.  (Ex. 1.)  Nor do they acknowledge that the Patent Office has yet to receive any testimony from a Seagen expert or fact witness on the merits, which Defendants clearly wish to avoid for as long as possible.  When Seagen submitted trial testimony to the Patent Office in support of its motion for rehearing to show that the jury in this case gave due consideration to invalidity issues after hearing from both sides' experts (*see id.* at vi (listing trial transcripts as Exs. 2042–2046), 7-8), Defendants responded that they would be moving to strike that submission—a motion that the Patent Office has already rejected.  Under these circumstances, there is no guarantee that the Patent Office will maintain its decision to institute a post-grant review of the '039 patent, let alone ultimately find the asserted claims to be unpatentable.

Defendants thus have failed to present any reason—including any new evidence, any need to correct a clear error of law or prevent manifest injustice, or any intervening change in law—to justify reconsideration of the Court's prior denial of a stay.  Their forfeited arguments cannot be the basis for reconsideration.

4

### B.   Granting a Stay of this Case, Post-Verdict, Unduly Prejudices Seagen and Does Not Simplify the Parties' Dispute

As Defendants acknowledge, this Court "has the inherent power to control its own docket."  (Motion at 4.)  Under similar circumstances, such as a pending reexamination or *inter partes* review, Courts in this district have declined to stay litigation in favor of instituted proceedings before the Patent Office where, as here, the requesting party did not meet its burden to merit a stay under the traditional three-factor analysis.  *See, e.g.*, *KAIST IP US LLC v. Samsung Elecs. Co.*, 439 F. Supp. 3d 860, 872–73 (E.D. Tex. Feb. 13, 2020) (*ex parte* reexamination); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020) (*inter partes* review); *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812434, at *2 (E.D. Tex. Oct. 24, 2017) (*inter partes* review).

Defendants have not satisfied their burden to show a stay would be appropriate at this late stage of the action.  The parties received a jury verdict over three weeks ago and are poised to complete post-trial motion practice expeditiously.  Granting a stay at this time would unduly prejudice Seagen, which has committed significant time and resources to obtain a jury verdict and is entitled to prompt entry of a judgment.  Further, a stay now would not help simplify the case as the invalidity issues that Defendants are presenting to the Patent Office in the post-grant review were tried to a verdict here already.

### 1.   Factor 1: A Stay of this Case Unduly Prejudices Seagen.

Given the jury verdict in Seagen's favor, a delay—especially a two-year-plus delay—in obtaining an appealable judgment in this action unduly prejudices Seagen.  This factor weighs heavily against a stay.

Seagen sought relief against DSC's infringement promptly through this action, investing

5

considerable time, money, and resources into vindicating its patent rights, rebutting Defendants'

invalidity challenges, and obtaining a jury verdict.  *See, e.g, Solas OLED*, 2020 WL 4040716, at

*2 (finding prejudice "factor weighs heavily against a stay" given "discovery is completed and

trial is only a few months away"); *see also KAIST IP,* 439 F. Supp. 3d at 872 ("If a final

judgment in this case is entered, as KAIST has requested (Dkt. No. 587), KAIST's right to

enforce that judgment will stand regardless of any subsequent determinations regarding the

underlying patent.").  In contrast, Defendants are seeking to leverage trailing proceedings before

the Patent Office to avoid the jury verdict and the judgment of this Court, and with no guarantee

of success to invalidate the asserted claims.  Defendants assert that the Patent Office's review is

their "one and only 'bite'" at the apple (Motion at 6), rather than their second or third bite.

Defendants' claim to prejudice has no teeth, having lost their first invalidity challenge at

summary judgment before the Court and their second bite at the invalidity apple with the jury.

By the time that the Patent Office's post-grant review decision and any appeal from that

decision are complete, memories of trial will have faded.  *Cf. Allvoice Devs. US, LLC v.

Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (denying

stay pending interference) ("[A] stay in this case would create a substantial delay that could

cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by

risking the loss of evidence as witnesses become unavailable and memories fade.").  Now, the

trial record is fresh.  On this record, Seagen would be prejudiced if the post-verdict proceedings

and entry of final judgment get delayed for up to two years.

Contrary to Defendants' argument, Seagen has not engaged in any delay or

gamesmanship in protecting its patent rights; rather, Seagen has acted expeditiously.  Seagen

filed its complaint in this case as soon as the '039 patent issued.  This was just months after FDA

approval of the accused product.  Under the safe harbor provision of the U.S. patent act, Seagen

could not have filed its complaint earlier than the product's FDA approval, even if the

'039 patent had issued earlier.  35 U.S.C. § 271(e)(1).  Seagen also subsequently dropped its

infringement arguments on claims 6–8, streamlining this action and focusing the parties' dispute.

Seagen then further simplified the disputes between the parties, conserving judicial and

administrative resources, by disclaiming the entire remaining term of claims 6–8 in the Patent

Office.  (Motion at 4; Dkt. 392-12, Ratliff Ex. 11.)  Thus, contrary to Defendants' argument,

Seagen has simplified, not "complicated these proceedings." (Motion at 6.)

Seagen does not dispute that the only relief it seeks is monetary, but, regardless, the Court

should timely enter judgment to vindicate Seagen's patent rights.  *See, e.g.*, *KIPB LLC v.*

*Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365, at *3 (E.D. Tex.

Nov. 20, 2019); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111,

at *2 (E.D. Tex. Mar. 11, 2015) (explaining that an interest in preventing delay in enforcement of

patent rights "is entitled to weight").  None of Defendants' cited cases decided this factor in

favor of a stay on the basis that the patentee had requested only monetary damages.  *See, e.g.*,

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at

*6 (E.D. Tex. Feb. 14, 2019) (finding "the prejudice factor as cutting in [patentee's] favor" due

otherwise to "postponement in the plaintiff's obtaining a judgment" even though patentee sought

only monetary damages); *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL

3709083, at *2 (E.D. Tex. July 11, 2017) (finding prejudice factor to be neutral because the

patentee sought only monetary damages); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d

1307, 1318 (Fed. Cir. 2014) (concluding the undue prejudice factor "weighs slightly against a

stay" even though patentee requested only monetary damages).  Seagen's decision to forego

injunctive relief does not make it any less eligible for prompt entry of a judgment.

> **2.     Factor 2: A Stay at This Advanced Stage of the Case Would Not Ease the Burdens of Litigation.**

With the jury verdict issued over three weeks ago, the parties have nearly completed this case before the Court.  The second factor in the traditional analysis—"whether discovery is complete and whether a trial date has been set"—therefore weighs heavily against a stay. *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1001 (Fed. Cir. 2015).  This remains true even if, as Defendants' urge, the Court considers the remaining burden of litigation on the parties and the Court in analyzing this factor.  (Motion at 5.)  As this Court has explained, "when the case reaches post-trial motions, it is most efficient for the Court to move forward with all post-trial motions so that the Federal Circuit may review the *entire* case on appeal, including the validity of all of the plaintiff's patents, as soon as possible."  *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447-JRG, 2015 WL 3453343, at *11 (E.D. Tex. May 29, 2015) (reversed-in-part on other grounds) (emphasis in original).

While a few post-verdict issues remain to be resolved, none would require the parties or Court to expend significant time and resources, especially compared to the investment to date in trying this case to verdict.  *See, e.g.*, *VirnetX Inc.*, 2018 WL 398433, at *4 (finding the advanced stage of a case weighs against a stay because "[t]he vast majority of litigation costs have already been spent and the heaviest burden of the litigation has already fallen upon the Court"); *see also Smartflash LLC*, 621 F. App'x at 1004; *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05 CV 322, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008) (vacated on other grounds).  As Seagen stated in its Motion for Entry of Post-Trial Briefing Schedule (Dkt. 390), the parties can address all of their outstanding issues in one set of briefing, totaling 65 pages per side and lasting no more than one month.  Should a bench trial prove necessary to resolve Defendants' equitable

SF-4812199

defense, a single day should suffice, as Defendants have admitted that their prosecution laches case "will be short."  (2/24/2022 Hr'g Tr. at 21:11–25.)  In contrast, the Patent Office proceedings are not scheduled to reach a final written decision for about a year, and appeals could draw those proceedings out for another year or more.  Clearly, this case in Texas is the more advanced proceeding, and it should proceed to judgment without further delay.

### 3.      Factor 3: Granting a Stay at This Stage of Litigation Will Not Simplify the Issues.

Defendants have already presented their invalidity arguments to this Court in a motion for summary judgment and to the jury during trial.  As the Court found under similar circumstances, "a stay will neither simplify the issues in question (which have been decided) nor will it streamline a trial that has already taken place."  *Smartflash LLC*, 2015 WL 3453343, at *6 (reversed-in-part on other grounds).  This factor therefore also weighs strongly against granting Defendants' request for a stay.

Defendants argue that a potential invalidity finding from the Patent Office could "simplify" the case by disposing of this case in its entirety, but they misunderstand the analysis under this factor.  As the Federal Circuit has explained, the "focus of this factor is on streamlining or obviating the trial by providing the district court with the benefit of the PTO's consideration of the validity of the patents *before either the court or the jury is tasked with undertaking that same analysis*."  *Smartflash LLC*, 621 F. App'x at 1000 (emphasis added).  Because Defendants' Motion comes after the Court's decision on Defendants' motion for summary judgment and after the jury verdict, "many of the advantages flowing from the agency's consideration of the issues—such as resolving discovery problems, using pre-trial rulings to limit defenses or evidence at trial, limiting the complexity of the trial, etc.—cannot [now] be realized."  *Id.*  The mere possibility that the Patent Office will cancel the asserted

9

claims is "insufficient, standing alone, to support a stay motion." *VirnetX Inc.*, 2018 WL 398433, at *4.

Defendants' cited cases do not change the analysis as they present circumstances far removed from the parties' and Court's here.  In *VirtualAgility*, the parties had not begun discovery, nor had a trial date been set, when the accused infringer filed its motion to stay.  *See VirtualAgility Inc.,* 759 F.3d at 1317.  In *Ultratec*—a non-binding case—the Patent Office had already issued written decisions invalidating all but one of the asserted claims, and the court had concerns that there would be competing appeals at the Federal Circuit should the district court case proceed.  *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2015 WL 2248437, at *4 (W.D. Wis. May 13, 2015).  Here, the parties have already received a jury verdict, and the final written decision by the Patent Office is about a year away.  An appeal from the Patent Office could take another year after that.  The facts supporting a stay in *VirtualAgility* and *Ultratec* are simply not present in this case.

## IV.    CONCLUSION

Defendants' motion for a stay is an improper motion for reconsideration.  Defendants have not demonstrated any reason for the Court to reconsider its denial of their last request for a stay and have forfeited the new arguments they present in the Motion.  But should the Court consider Defendants' arguments on the merits, Defendants have not satisfied their burden to show that a stay of this case would be appropriate under any of the three factors for evaluating such a request.  For these reasons, Defendants' motion for a stay of this case should be denied and a post-trial schedule should be set that facilitates prompt entry of judgment.

SF-4812199

Dated: May 4, 2022

By: */s/ Michael A. Jacobs*
    Michael A. Jacobs
    MJacobs@mofo.com
    Matthew A. Chivvis
    MChivvis@mofo.com
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415.268.7000
    Facsimile:  415.268.7522

    Bryan Wilson
    BWilson@mofo.com
    MORRISON & FOERSTER LLP
    755 Page Mill Road
    Palo Alto, California  94304-1018
    Telephone: 650.813.5600
    Facsimile:  650.494.0792

    Melissa R. Smith
    Texas State Bar No. 24001351
    melissa@gillamsmithlaw.com
    GILLAM & SMITH, LLP
    303 South Washington Avenue
    Marshall, Texas 75670
    Telephone:  903.934.8450
    Facsimile:   903.934.9257

    *Of Counsel:*

    T. John Ward, Jr.
    Texas State Bar No. 00794818
    jw@wsfirm.com
    Wesley Hill
    Texas State Bar No. 24032294
    wh@wsfirm.com
    Charles Everingham IV
    Texas State Bar No. 00787447
    ce@wsfirm.com
    Andrea L. Fair
    Texas State Bar No. 24078488
    andrea@wsfirm.com
    WARD, SMITH & HILL, PLLC
    1507 Bill Owens Parkway
    Longview, Texas 75604
    Telephone:  903.757.6400
    Facsimile:   903.757.2323

    *Attorneys for Plaintiff Seagen Inc.*

11

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that counsel of record who are deemed to have

consented to electronic services are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of May, 2022.


*/s/ Melissa R. Smith*

SF-4812199

12