▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-00337-JRG |
| | ) |
| DAIICHI SANKYO CO., LTD., | ) |
| | ) ▓▓▓▓▓▓▓▓▓▓▓ |
| Defendant, and | ) |
| | ) |
| ASTRAZENECA PHARMACEUTICALS | ) |
| LP and ASTRAZENECA UK LTD., | ) |
| | ) |
| Intervenor-Defendants. | ) |

**OPPOSITION TO SEAGEN'S MOTION FOR ENTRY
OF AN ACCELERATED POST-TRIAL BRIEFING SCHEDULE**

I. **The Court should schedule the equitable defenses for trial**

Before the jury trial commenced, the Court noted its intent to hold a separate bench trial on prosecution laches.[1] The Parties litigated the jury issues—and the Court excluded certain defense evidence—on that basis.[2] Seagen now asks the Court to backtrack.[3] No authority supports such a request, which explains why Seagen cites none.

    A. **The Parties are entitled to a trial**

The Federal Rules of Civil Procedure require a bench trial of the prosecution laches defense. "Prosecution laches is an equitable affirmative defense to patent infringement." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, 552 F. Supp. 3d 664, 684 (E.D. Tex. 2021); *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1359-60 (Fed. Cir. 2021). The defense requires the Court to determine (1) whether Seagen's "delay in prosecution was unreasonable and inexcusable under the totality of the circumstances" and (2) whether a defendant "or the public suffered prejudice attributable to the delay." *Personalized Media*, 552 F. Supp. 3d at 684. This involves "a fact-intensive inquiry that depends on the specific circumstances." *Id.* at 685.

Federal Rule of Civil Procedure 39 requires that issues not tried to the jury "are to be tried by the court." Fed. R. Civ. P. 39(b); *Personalized Media*, 552 F. Supp. 3d at 667 (finding

---

[1] The Court held that Daiichi Sankyo Japan's prosecution laches expert is "not going to testify live before the jury, but I will certainly hear him on the issue of prosecution laches during the following and subsequent bench trial as may be informed by whatever the verdict the jury returns may be." (Dkt. 343, Pretrial Conference Tr. Vol. 1 at 82:16-83:1.) The jury's verdict for Seagen did not moot the issue, which is potentially dispositive.

[2] (*See* Dkt. 347 at 4; Dkt. 343, Pretrial Conference Tr. Vol. 1 at 83:2-6.)

[3] (*See* Dkt. 390 ("Mot.").)

prosecution laches after a bench trial); *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 65 (2d Cir. 1997) (finding a defendant's right to a bench trial on an equitable claim).[4]

Further, Federal Rule of Civil Procedure 43(a) requires that, "[a]t trial, the witnesses' testimony ***must be taken in open court*** unless a federal statute [or rule] provide otherwise." Fed. R. Civ. P. 43(a) (emphasis added). Seagen cites no such statute or rule exempting prosecution laches defenses from this mandate. Instead, Seagen asks the Court to violate Rule 43(a) flatly— to prejudge the witnesses' testimony as unhelpful and to decide the issue based on expert reports, declarations, and depositions. (Mot. 2-3.) Seagen effectively concedes that this would not qualify as a "trial." (*See id.*)

Rule 43(a) applies equally to jury trials and to bench trials on equitable issues. *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 827 n.5 (5th Cir. 1996) (collecting cases). Rule 43(a) expressly incorporated the former Equity Rule 46, which required that, "[i]n all trials in equity[,] the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules." Rules of Practice for the Courts of Equity of the United States, 226 U.S. 649, 661 (1912). Notably, the Federal Rules did not adopt a prior exception to Equity Rule 46. "In a case involving the validity or scope of a patent or trademark," Equity Rule 48 had permitted district courts to take "the testimony in chief of expert witnesses" on matters of opinion by affidavit, although opposing parties had a right to cross-examine the expert witness "before the court upon the trial," and, if the witness was not produced, "his affidavit shall not be used as evidence in the cause." *Id.* at 662. Rule 43(a),

---

[4] *See also, e.g.*, *Symbol Techs., Inc. v. Lemelson Med., Educ. & Rsch. Found.*, 422 F.3d 1378 (Fed. Cir. 2005) (upholding prosecution laches defense after bench trial); *Hyatt*, 998 F.3d at 1358 (reviewing prosecution laches defense after bench trial); *Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 727 (Fed. Cir. 2010) (same).

however, "abolishe[d] in patent and trademark actions" the former practice of accepting expert testimony-in-chief by affidavit. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1937 adoption. As a result, Daiichi Sankyo Japan has the right to a bench trial in which the testimony-in-chief of the witnesses on prosecution laches, cross-examination, and any reexamination must be adduced (along with any other relevant evidence).[5]

The requirement to try a prosecution laches defense to the Court is underscored by Federal Rule of Civil Procedure 52. Rule 52 provides that "[i]n an action ***tried on the facts without a jury*** or with an advisory jury, the court must find the facts specially and state its conclusions of law separately," and it must do so "***after the close of evidence***," either orally or in writing. Fed. R. Civ. P. 52(a) (emphasis added). Further, a party is entitled to "question the sufficiency of the evidence supporting the findings," and, on appeal, to ask the reviewing court to set aside findings of fact as clearly erroneous in light of the totality of the evidence. *See* Fed. R. Civ. P. 52(a)(5), (6); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, ***the reviewing court on the entire evidence*** is left with the definite and firm conviction that a mistake has been committed.") (emphasis added). This Court has recognized that it must make Rule 52 findings on the evidence after a bench trial on prosecution laches, making "factual determinations based on the applicable

---

[5] *United States ex rel. Tenn. Valley Auth. v. Robertson*, 354 F.2d 877, 879 (5th Cir. 1966) (noting that "[c]ross-examination of a witness is a matter of right" during a bench trial in a condemnation action); *see also Fairfield Sci. Corp. v. United States*, 611 F.2d 854, 862 (Ct. Cl. 1979) (quoting *Alford v. United States*, 282 U.S. 687, 691 (1931)) ("Cross-examination of a witness is a matter of right" in an administrative adjudication); Fed. R. Evid. 607 ("Any party . . . may attack the witness's credibility."); *id.* R. 1101(b) (applying the Rules of Evidence to all "civil cases and proceedings").

burden of proof." *See Personalized Media*, 552 F. Supp. 3d at 684.  Factual findings require evidence—and evidence requires a trial.[6]

Apart from the Federal Rules, forgoing a trial at this stage would violate due process, which "requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *see also Ackermann v. United States*, 178 F.2d 983, 985 (5th Cir. 1949) ("The right of a litigant to a trial in accordance with the forms of law, and with an opportunity to present his claim or defense, if he desires to do so, is a vital part of due process."). This includes "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1032 (E.D. Tex. 2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  The substantial interests involved, and the value of new evidence to the Court's determination of a new issue, far outweighs the cost of a bench trial.  *See Mathews*, 424 U.S. at 335.  "While incremental increases in judicial economy might be claimed and are important to be pursued where practicable, such benefits should never come at the cost of constitutionally secured rights." *PPS Data,* 404 F. Supp. 3d at 1033.

---

[6] The expert reports and declarations that Seagen proposes for disposition of this defense (Mot. at 3) are not "evidence" on which Rule 52 findings on an equitable defense can be made.  *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) (finding that, while "[a]ffidavits . . . are fully admissible in summary proceedings, including preliminary-injunction proceedings," they "are ordinarily inadmissible at trials").  Indeed, Rule 43 distinguishes between trials (where "witnesses' testimony must be taken in open court") and motions (where "the court may hear the matter on affidavits").  *See* Fed. R. Civ. P. 43(a), (c).  Further, contrary to Seagen's suggestion, Mot. at 3, evidence adduced at the jury trial would not suffice in this particular case.  (*See infra* pp. 6-8.)

**B.    Having failed to move for summary judgment, Seagen cannot credibly ask this Court to decide the prosecution laches defense based on expert reports, declarations, and depositions**

Seagen suggests that this Court may decide the issue based on expert reports, declarations, and depositions. (Mot. at 2-3.) The summary-judgment procedures of Federal Rule of Civil Procedure 56 provide a mechanism to avert a trial based on expert affidavits, declarations, and depositions, but only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A). At this stage, there is no mechanism to forgo a trial. The deadline for filing dispositive motions has long passed.[7] Seagen could have filed a dispositive motion on this issue before that deadline, but it chose not to, presumably recognizing the weakness in its opposition. Seagen makes no attempt to identify a basis for its request, asserting only that a trial would be unhelpful and that the prosecution laches defense lacks merit. (Mot. at 2-3.)[8] But of course,

---

[7] (*See* Dkt. 229 at 3); Fed. R. Civ. P. 56(b).

[8] In a footnote, Seagen suggests that that the prosecution laches defense is unavailable for applications filed after the implementation of the Uruguay Round Agreements Act (filed "post-GATT"). (Mot. at 3 n.2.) A motion for a briefing schedule is not the vehicle for raising substantive defenses, but regardless, this argument is wrong. GATT did not eliminate the prosecution laches defense; it merely changed the strategy used by submarine patentees. Pre-GATT, submarine patentees would delay the publication of a claim by using dilatory tactics to delay its ***issuance***. Post-GATT, they delay publication by delaying their ***application*** for the claims. The harm remains the same: both tactics deprive the public of knowing what is claimed and what is not, causing parties like Daiichi Sankyo Japan to pour significant investment into a product before a submarine patentee swoops in to try to claim it. The reasoning behind the prosecution laches defense is as applicable post-GATT as it was pre-GATT:

> Any practice by the inventor and applicant for a patent through which he deliberately and without excuse postpones beyond the date of the actual invention, the beginning of the term of his monopoly, and thus puts off the free public enjoyment of the useful invention, is an evasion of the statute and defeats its benevolent aim.

*Woodbridge v. United States*, 263 U.S. 50, 56 (1923); *see also Hyatt*, 998 F.3d at 1360 (relying on *Woodbridge*). In support of its contrary assertion, Seagen cites only (1) a magistrate's report

deciding the merit of a claim or defense is exactly what a trial is for. If Seagen now believes the evidence to be insufficient, or the defense to be unavailable, then it can make those arguments in its proposed findings of fact and conclusions of law after trial (having not made them in a summary-judgment motion).

### C. A trial is necessary to a proper presentation of the defense

Even if a trial were not plainly required under the Constitution and the Federal Rules, it would be necessary to a proper adjudication of the prosecution laches defense in this case.[9]

***First***, the following evidence,[10] central to the issue of prosecution laches, is not available to the Court in the current trial record:

- The prosecution history of the related patents in the '039 patent family, which reveals Seagen's "late-claiming" delay tactic and its purposeful 15-year delay in disclosing the full extent of its invention. Determining the unreasonableness of Seagen's delay requires "an examination of the totality of the circumstances, including the prosecution history of all of a series of related patents."[11] The

---

finding insufficient evidence of prosecution laches, *Chrimar Sys., Inc. v. Alcatel-Lucent Enter. USA Inc.*, No. 6:15-CV-00163-JDL, 2017 WL 345991, at *4 (E.D. Tex. Jan. 24, 2017) (cited at Mot. at 3 n.2); and (2) a case involving inequitable conduct (not prosecution laches), which notes that aiming to foreclose a competitor's product is not, by itself, inequitable, *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1404 (Fed. Cir. 2022) (cited at Mot. at 3 n.2). Neither case found, as a matter of law, that applicants could deliberately delay their applications in order to benefit from others' investments. Here, prosecution laches is still available, and this issue should be tried to the Court.

[9] Daiichi Sankyo Japan agrees that a one-day trial will suffice, because each side plans to call live only one witness.

[10] This list is not intended to be exhaustive. Daiichi Sankyo Japan reserves the right to present additional evidence at trial.

[11] *See Personalized Media*, 552 F. Supp. 3d at 685-86 (quoting *Hyatt*, 998 F.3d at 1362).

prosecution history of the '039 patent itself was mentioned at the prior trial only generally.

- The opinion of Mr. Manspeizer, Daiichi Sankyo Japan's prosecution laches expert, who will testify as to Seagen's abandonments of certain patent applications within the '039 patent family, Seagen's interactions with the patent office during the prosecution of certain patent applications within the '039 patent family, changes in claim scope after 15 years, and how those events corresponded to actions taken by Defendants. Mr. Manspeizer's 30 years of experience with patent-prosecution strategy in the pharmaceutical and biotechnology fields will help the Court "evaluate how a reasonable patent applicant would prosecute his patent." *Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1155 (N.D. Cal. 2003).

- The extent and timing of Defendants' investment, work, and use of the claimed technology, which is central to the element of prejudice under prosecution laches. Defendants' significant investments of time and money in Enhertu® were not fully explored at trial. The exact figures related to Defendants' investment are consequently not in the trial record.

**Second**, cross-examination gives the Court, as the trier of fact, the "opportunity to judge the witnesses' credibility," *see* Fed. R. Civ. P. 52(a)(6), and the chance to ask clarifying questions, *see* Fed. R. Evid. 614(b). Weighing the relative credibility of the experts through live testimony will be particularly important in this case.

For example, the opinions of Daiichi Sankyo Japan's expert, Mr. Manspeizer, derive from his experience in the pharmaceutical and biotechnology industries. By contrast, Seagen's expert, Mr. Smith, derives almost all of his prosecution experience from the electrical and

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

mechanical arts. The importance of this difference can only effectively be revealed through live cross-examination. Mr. Smith should be made available for questioning about, among other things, his analysis, the factors he considered in forming his opinions, and the questions he was unable to answer at deposition.[12]

Resolving these issues plainly requires a trial.

## II.     The Court should not reach other post-trial issues until the Arbitration concludes

Seagen has pursued various claims against Daiichi Sankyo Japan in arbitration. "A decision in the arbitration case is expected in mid-2022." (Ex. B (Seagen Form 10-Q (Q1 2022)) at 13.)

According to Seagen's damages expert both in the arbitration and in this case, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. C (Distler Dep. Tr.) at 149:12-20.) And while Daiichi Sankyo Japan vigorously disputes that Seagen is entitled to any recovery in the arbitration and believes that it will prevail both in that proceeding and this case, Seagen's damages expert testified that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.* at 147:22-149:20.)  Such circumstances would result in an impermissible double recovery. *See, e.g.*, *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1018-19 (Fed. Cir. 2006) (vacating trademark-infringement-damages award based on prior patent-damages award).

---

[12] For example, by the time of his deposition, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See, e.g.,* Ex. A (Smith Dep. Tr.) at 63:1-9; 64:21-65:9.)

When a plaintiff seeks recovery for the same sales both in court and in arbitration, it is reversible error for the court not to consider the arbitral award and offset any judgment accordingly. *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1554-55 (10th Cir. 1988) (reversing employment-discrimination-damages award for failing to offset arbitration award). Likewise, district courts abuse their discretion by entering judgment on a first award while claims that might result in double recovery remain pending. *See Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1338-39 (4th Cir. 1993). Again, while Daiichi Sankyo Japan vigorously disputes that Seagen is entitled to any recovery in the arbitration and believes that it will prevail in that proceeding and this case, Seagen argues the opposite. Given the impending decision in the arbitration, this Court should wait to resolve any post-trial disputes, including Seagen's request for ongoing royalties and the entry of any money judgment, until it is clearer what effect, if any, the arbitration decision has on this case. That is an especially prudent and efficient course here.

### III. The Court should not accelerate the filing of post-trial motions

Seagen's proposal to accelerate post-trial motions before the prosecution laches trial makes no sense. There is no reason for the Court to solicit such motions until it determines which side has prevailed.

Because prosecution laches is a complete defense to enforcement of the patent, the outcome of the prosecution laches trial could moot several of the Parties' post-trial motions entirely. Seagen's requests for costs, fees, supplemental damages, interest, and a running royalty[13] would all be moot if the patent-in-suit were found unenforceable. Likewise, if the

---

[13] Ex. D (Apr. 20, 2022 Email from Evelyn Chang) (describing post-trial relief that Seagen intends to seek).

Court finds prosecution laches, Defendants' motions under Rules 50 and 59 for judgment as a matter of law or a new jury trial would be moot as well, while their motion to declare this case exceptional and recover their fees would need to be decided.

For this very reason, the Rules provide that most post-trial motions are due only after entry of a final, appealable judgment.[14] For instance, the Parties have until 28 days after the entry of judgment to move for a new trial or to renew a motion for judgment as a matter of law.[15] This deadline cannot be accelerated.[16] And, of course, a final judgment cannot be entered until all potentially dispositive defenses (including prosecution laches) have been tried.[17] So briefing other (potentially moot) post-trial motions ahead of time would not speed things along—it would only waste the Court's and the Parties' time and resources. Moreover, after the bench trial, Defendants will have the right (if circumstances warrant) to move to add or amend findings of fact, move for a new trial, or move to alter or amend the judgment. *See* Fed. Rs. Civ. P. 52(b), 59(a)(1)(B), 59(e).

---

[14] *See, e.g.*, Fed. Rs. Civ. P. 50(b), 54(d)(2)(B)(i), 59(b); *see also id.* R. 54(a) (defining "judgment" throughout the Rules to mean a final, appealable judgment).

[15] Fed. Rs. Civ. P. 50(b), 59(b).

[16] *See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 981 F.3d 1360, 1384 (Fed. Cir. 2020) ("The courts of appeals have uniformly rejected district court rules setting a time limit inconsistent with the Federal Rules of Civil Procedure."); *Paluch v. Sec'y Pa. Dep't Corr.*, 442 F. App'x 690, 692-93 (3d Cir. 2011) (finding that district court's local rule could not impose a 14-day period to file a motion to alter or amend the judgment when Federal Rule of Civil Procedure 59(e) allowed 28 days to file such a motion).

[17] *See, e.g.*, *U.S. Sugar v. Atlantic Coast Line R.R. Co.*, 196 F.2d 1015, 1016 (5th Cir. 1952) ("There are other issues of fact in the case, yet to be determined, before final judgment can be entered."); *N.C. Nat. Gas Corp. v. Seaboard Surety Corp.*, 284 F.2d 164, 167 (4th Cir. 1960) ("The assertion of the affirmative defenses by defendant raised issues of fact which must be determined before there can be a final judgment in this action.").

Seagen suggests that deciding post-trial motions and equitable defenses simultaneously is normal practice in this district. Not so. This Court regularly entertains briefing on post-trial motions only after adjudicating equitable defenses. *See, e.g.*, *Personalized Media Commc'ns v. Apple, Inc.*, No. 2:15-CV-01366, ECF No. 660 (Sept. 3, 2021) (defendant's post-trial motion filed after judgment was entered); *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314, ECF No. 575 (Jan. 18, 2019) (order scheduling post-trial briefing after the Court's decision on equitable defenses was rendered). While this Court has occasionally heard post-trial motions before officially entering a final judgment, it did so in *Smartflash* (cited by Seagen) only ***after*** all triable issues had been decided. *See Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, ECF No. 503 (E.D. Tex. Feb. 24, 2015) (verdict), ECF No. 545 (Apr. 10, 2015) (post-trial-briefing scheduling order). In only one case cited by Seagen did the parties brief equitable defenses simultaneously with post-trial motions, and that was **at the request of both parties.** *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37, ECF No. 502 at 2 (E.D. Tex. Aug. 23, 2017).

Consequently, Daiichi Sankyo Japan requests that all briefing on post-trial motions take place after the Court issues its decision on prosecution laches. Upon determining the prevailing party, the Court can then determine what other relief should be granted. And only after entry of a final judgment should the Court entertain motions under Rules 50 and 59.

## CONCLUSION

This Court should deny Seagen's motion and proceed to schedule a bench trial on the prosecution laches defense.

███████████████████████████████████

Dated: May 3, 2022                                    Respectfully Submitted,

/s/ *Preston K. Ratliff II*
Deron R. Dacus
Texas State Bar No. 00790553
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117
Facsimile: 903.581.2543

J. Mark Mann
Texas State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
Texas State Bar No. 240420033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard Street
Henderson, Texas
Telephone: 903.357.8540
Facsimile: 903.657.6003

*Attorneys for Defendant Daiichi Sankyo Company, Limited*

OF COUNSEL:

Preston K. Ratliff II
Ashley N. Mays-Williams
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.318.6000

Jeffrey A. Pade
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700

*Attorneys for Defendant Daiichi Sankyo Company, Limited*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 3rd day of May, 2022.

*/s/ Preston K. Ratliff II*