IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., <br><br> *Plaintiff,* <br><br> v. <br><br> DAIICHI SANKYO CO., LTD., <br><br> *Defendant*, <br><br> ASTRAZENECA PHARMACEUTICALS LP, and ASTRAZENECA UK LTD, <br><br> *Intervenor-Defendants.* | Civil Action No.  2:20-CV-00337-JRG |

### SEAGEN'S OPPOSITION TO DEFENDANTS' MOTION
### TO DESIGNATE NEW EXPERT AND CONTINUE BENCH TRIAL

DSC's motion does not inform the Court of Seagen's proposed solution that obviates all concerns.  Seagen offered that in lieu of personal appearance, Mr. Manspeizer's testimony could be entered in the form of his expert report and deposition transcript (video or text), and Seagen would waive all hearsay objections.  (Chivvis Decl. Ex. 1 at 3.)  Seagen further offered that the testimony of its expert, Richard Smith, would, at DSC's election, be entered in the same manner or presented live so that he would be available for additional cross-examination.  (*Id.*)  Unsatisfied with these options, DSC now seeks a nearly one-month continuance of the bench trial *that it requested* solely for one purpose:  To present a direct examination of a new expert who will adopt, and be confined by, Mr. Manspeizer's opinions.  This is an insufficient reason to continue the trial.

1

DSC reasons that Mr. Stoll's substitution is necessary because "(1) significant evidence is not available to the Court in the current trial record and (2) cross-examination gives the Court, as the trier of fact, the 'opportunity to judge the witnesses' credibility,' *see* Fed. R. Civ. P. 52(a)(6), and the chance to ask clarifying questions, *see* Fed. R. Evid. 614(b)." (Mot. at 2, fn. 3; *see also* Dkt. No. 396 at 6–7.)  None of these reasons justifies a continuance or substitution.

*No unavailable evidence*.  Seagen's proposal to enter Mr. Manspeizer's expert report and deposition transcript would allow DSC to introduce all evidence it would otherwise seek to introduce through its substituted expert.  Mr. Stoll's testimony would necessarily be limited by Mr. Manspeizer's report, and there is thus no evidence that DSC would be precluded from adducing.  (*See* Dkt. No. 343, Pretrial Conference Tr. Vol. 1 at 15:23–16:1 ("Those expert witnesses are limited to and confined by the four corners of their reports.  It is objectionable and improper for an expert to attempt to testify outside the scope of their report.").)

*No interference with the right to cross-examine*.  Seagen is willing—and indeed planning—to bring its expert Mr. Smith to trial and make him available for cross-examination.  To alleviate any perceived prejudice, Seagen offered, at DSC's election, to present Mr. Smith's testimony in the same manner as Mr. Manspeizer, *i.e.*, by entering his expert report and deposition transcript.  (Chivvis Decl. Ex. 1 at 3.)  The only party foregoing its right to cross-examine a witness is Seagen.

*No interference with the ability to judge credibility*.  With Mr. Manspeizer unavailable, the Court's ability to judge his credibility has already been lost.  Mr. Manspeizer's expert report is premised heavily on his personal experience working in the pharmaceutical and biopharmaceutical fields as both in-house and outside counsel.  It is unclear how DSC proposes this Court determine the credibility of Mr. Manspeizer's opinions through the conduit of a

substitute expert, or how such an arrangement is preferable to submitting Mr. Manspeizer's opinions as currently presented in his expert report and deposition testimony.

***No interference with Court's ability to ask clarifying questions***.  DSC also seeks to justify its motion by citing Federal Rule of Evidence 614(b), arguing that not allowing its substitution would deprive the Court of the ability to ask its own clarifying questions.  This position is inconsistent with its pre-trial brief, in which DSC indicated it intends to present testimony from its other expert witness, Dr. Lambert, and fact witnesses Drs. Gormley, Senter, Toki, Doronina, and Kline by video or deposition transcript.  (Dkt. No. 408 at 5–6.)

Even if the Court were inclined to permit DSC's requested substitution, DSC has not sufficiently addressed why Mr. Stoll is not available on June 28th, nor why it did not attempt to find a substitutable witness who is available before taking this drastic step.  DSC supported its motion with only a declaration from Mr. Manspeizer.  DSC offered no declaration from Mr. Stoll; nor did it otherwise disclose details regarding his purported unavailability, including the name of the conflicting trial or dates he is expected to testify, what his purported "other professional matters" entail (Mot. at 2), or why he is not available to testify via video.  Nor does DSC provide a declaration from counsel describing its efforts to secure a substitute expert witness who is available on the scheduled trial date.

There is no practical difference between having Mr. Manspeizer's testimony introduced on the papers and having Mr. Stoll repeat Mr. Manspeizer's opinions on the stand.  The benefit of such a solution to Mr. Manspeizer's unfortunate circumstances is far outweighed by the prejudice to Seagen, which has already arranged travel and accommodations for its attorneys, support staff, and expert witness.  (Chivvis Decl. ¶ 2.)  Having successfully proven its case before the jury, Seagen is prepared to rebut DSC's prosecution laches defense and move forward to entry of judgment.  DSC's unwarranted request for further delay should not stand in the way.

Dated: June 22, 2022     By: /s/ *Michael A. Jacobs*
             Michael A. Jacobs
             MJacobs@mofo.com
             Matthew A. Chivvis
             MChivvis@mofo.com
             MORRISON & FOERSTER LLP
             425 Market Street
             San Francisco, CA 94105
             Telephone: 415.268.7000
             Facsimile: 415.268.7522

             Bryan Wilson
             BWilson@mofo.com
             MORRISON & FOERSTER LLP
             755 Page Mill Road
             Palo Alto, California 94304-1018
             Telephone: 650.813.5600
             Facsimile: 650.494.0792

             Melissa R. Smith
             Texas State Bar No. 24001351
             melissa@gillamsmithlaw.com
             GILLAM & SMITH, LLP
             303 South Washington Avenue
             Marshall, Texas 75670
             Telephone: 903.934.8450
             Facsimile: 903.934.9257

             *Of Counsel:*

             T. John Ward, Jr.
             Texas State Bar No. 00794818
             jw@wsfirm.com
             Charles Everingham IV
             Texas State Bar No. 00787447
             ce@wsfirm.com
             Andrea L. Fair
             Texas State Bar No. 24078488
             andrea@wsfirm.com
             WARD, SMITH & HILL, PLLC
             1507 Bill Owens Parkway
             Longview, Texas 75604
             Telephone: 903.757.6400
             Facsimile: 903.757.2323

             *Attorneys for Plaintiff Seagen Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 22, 2022.

/s/ Melissa R. Smith