IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:20-CV-00337-JRG |
| § | |
| DAIICHI SANKYO CO., LTD., § | |
| § | |
| Defendant, § | |
| § | |
| ASTRAZENECA PHARMACEUTICALS § | |
| LP, and ASTRAZENECA UK LTD § | |
| § | |
| Intervenor-Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Daiichi Sankyo Company Limited's ("DSC") Motion to Designate New Expert and Continue Bench Trial (the "Motion"). (Dkt. No. 407). In the same, DSC seeks a continuance of the bench trial currently set for June 28, 2022, because its expert is no longer available due to his ongoing medical situation. (*Id.*). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, DSC's Motion is **DENIED**.

**I.   BACKGROUND**

On April 4, 2022, the Court conducted a five-day jury trial in the above-captioned case. (Dkt. Nos. 361, 363, 364, 366, 372). On April 8, 2022, the jury returned a verdict finding that DSC willfully infringed U.S. Patent No. 10,808,039 (the "'039 Patent") asserted by Plaintiff Seagen Inc. ("Seagen"). (Dkt. No. 370). The jury also found that DSC, *inter alia*, did not prove that the '039 Patent was invalid. (*Id.*). Accordingly, the Court must now resolve DSC's equitable defense of prosecution laches. On May 13, 2022, the Court set a bench trial for June 28, 2022, on DSC's prosecution laches defense. (Dkt. No. 403). The Court also ordered the parties to file trial

briefs by June 20, 2022. (*Id.*). On June 20, 2022, contemporaneously with the filing of the trial briefs, DSC filed the instant Motion asking this Court for an approximately one-month delay of the bench trial. (Dkt. No. 407).

According to DSC, on June 14, 2022, its prosecution laches expert, Mr. David Manspeizer, notified DSC that he could no longer participate in the case due to a health issue. (*Id.* at 1). Before seeking relief from the Court, DSC approached Seagen and sought Seagen's consent for Mr. Manspeizer to be replaced with a different expert, Mr. Robert Stoll, and DSC also sought Seagen's consent for a continuance of the bench trial.[1] (*Id.*). DSC represented that "any substitute expert will adopt the opinions in Mr. Manspeizer's November 22, 2021 report and December 12, 2021 deposition." (*Id.* at 2). DSC made it clear in its communications with Seagen that Mr. Stoll would not undertake any original analysis but would simply adopt, in total, the facts, analysis, and conclusions contained in Mr. Manspeizer's report and as explored in his deposition. (*See* Dkt. No. 411 at 1; Dkt. No. 411-2 at 4). Seagen did not give its consent. (*Id.* at 1, 3). While not agreeing to DSC's proposal, Seagen did offer, as an alternative, to have Mr. Manspeizer's testimony presented "in the form of his expert report and deposition transcript." (Dkt. No. 411-2 at 3). Seagen also offered for DSC to either: (1) have Seagen's expert's, Mr. Richard Smith, testimony provided in the same way as Mr. Manspeizer's testimony; or (2) have Mr. Smith testify live so that he could be cross-examined by DSC. (*Id.*). DSC has not agreed to this alternative proposal, and the matter is now before the Court for resolution.

## II.     DISCUSSION

DSC argues that "Mr. Manspeizer's opinion serves as a key basis for [DSC's] prosecution laches defense and Mr. Manspeizer is its only expert witness that has offered an opinion as to this

---

[1] DSC notes that Mr. Stoll is not available until after July 18, 2022. DSC seeks an approximately one-month continuance of the bench trial in view of the same. (Dkt. No. 407 at 2–3).

2

complete defense of alleged infringement." (Dkt. No. 470 at 2). DSC contends that "a trial—including live witness testimony—is necessary to a proper presentation of its prosecution laches defense." (*Id.*). In a footnote, DSC supports this statement by arguing that "cross-examination gives the Court, as the trier of fact, the 'opportunity to judge the witnesses' credibility.'" (*Id.* at 2, n.3) (citing Fed. R. Civ. P. 52(a)(6)).

Seagen responds that DSC's stated reasons for Mr. Stoll's substitution do not warrant a continuance or substitution. (Dkt. No. 411 at 2). Seagen notes that any testimony by Mr. Stoll "would necessarily be limited by Mr. Manspeizer's report."[2] (*Id.*). Seagen argues that substituting Mr. Stoll for Mr. Manspeizer will not enable the Court to assess the witness's credibility. (*Id.*). Seagen argues that "[i]t is unclear how DSC proposes this Court determine the credibility of Mr. Manspeizer's opinions through the conduit of a substitute expert." (*Id.* at 2–3). Seagen contends that "[w]ith Mr. Manspeizer unavailable, the Court's ability to judge his credibility has already been lost." (*Id.* at 2). Seagen notes that "[t]here is no practical difference between having Mr. Manspeizer's testimony introduced on the papers and having Mr. Stoll repeat Mr. Manspeizer's opinions on the stand." (*Id.* at 3). To be clear, Mr. Stoll would simply be an alternative presenter of Mr. Manspeizer's work product and would not be able to reveal anything beyond what Mr. Manspeizer's report and deposition already set forth.

The Court agrees with Seagen. Although the Court sympathizes with Mr. Manspeizer's situation, it is **his** credibility that matters given that **his** opinions—rather than Mr. Stoll's—will be presented to the Court. By DSC's own admissions, Mr. Stoll would be acting as a replacement expert, simply adopting and presenting Mr. Manspeizer's report and testimony in his stead. It will be all but impossible for the Court to assess Mr. Manspeizer's credibility with Mr. Stoll on the

---

[2] As noted earlier, Mr. Stoll has not been retained to perform any original analysis but rather merely to be a presentation of Mr. Manspeizer's opinions and conclusions, relying wholly on Mr. Manspeizer's analysis.

witness stand.³ The Court is also not persuaded by DSC's suggestion that Mr. Stoll would provide the Court with "the chance to ask clarifying questions." (Dkt. No. 407 at 2). The Court fails to see how it is helpful to ask Mr. Stoll clarifying questions about Mr. Manspeizer's opinions or testimony. The only person who could answer such questions would be Mr. Manspeizer. Moreover, DSC's reliance on Fed. R. Civ. P. 43(a) is unavailing. In its Motion, DSC cites to its prior briefing arguing that Fed. R. Civ. P. 43(a) entitles it to present live testimony concerning its prosecution laches defense. (Dkt. No. 407 at 2). This prior briefing is silent about the present situation—whether the bench trial should be delayed so that Mr. Stoll can repeat Mr. Manspeizer's opinions and testimony on the witness stand. DSC fails to cite any authority that Fed. R. Civ. P. 43(a)—or any other applicable rule—requires a court to permit expert testimony that simply regurgitates the words of another expert who is now unavailable.⁴ Further, permitting Mr. Stoll to simply replace Mr. Manspeizer and adopt his words as his own would cause added expense and delay to this case with little benefit.⁵ It has been nearly three months since the jury rendered its verdict in this case. The time has come to resolve DSC's equitable defense and issue a Final Judgment in this case.

---

³ To be clear, this is not a case where DSC is seeking to use Mr. Stoll as a substantive substitute expert where he would put forth his own expert report. Instead, Mr. Stoll is acting as a replacement—merely adopting the words of Mr. Manspeizer as if they were his own. Such does nothing to assist a district judge in assessing the credibility of the person that actually authored or uttered those words. Accordingly, the Court finds DSC's arguments regarding Fed. R. Civ. P. 52(a)(6) unpersuasive.

⁴ DSC also argues that due process entitles it to present live evidence of its prosecution laches defense. (Dkt. No. 407 at 2, n.3). Again, DSC fails to cite any authority to support this position, and the Court fails to see how a due process issue is implicated in prohibiting a replacement expert from testifying, at a bench trial, as to the words and testimony of another expert who is unavailable. DSC will be given an opportunity to be heard and submit evidence to the Court—including Mr. Manspeizer's report and testimony. Mr. Stoll offers nothing additional.

⁵ The Court finds that it would be more efficient for Mr. Manspeizer's report and deposition testimony to be part of the record rather than have Mr. Stoll invest significant time to master Mr. Manspeizer's report and testimony to simply restate it on the witness stand.

### III. CONCLUSION AND ORDER

For the reasons stated herein, DSC's Motion is **DENIED**. It is **ORDERED** that DSC shall submit Mr. Manspeizer's report and testimony, in written form, for the Court's consideration of its prosecution laches defense in advance of the bench trial. Seagen shall advise DSC and the Court **within 48 hours of this Order** by notice on the docket as to whether it will present Mr. Smith live at the bench trial. If Seagen elects to rely on the papers regarding Mr. Smith's opinions, in the same vein as Mr. Manspeizer, then Seagen shall make Mr. Smith available to be called adversely should DSC wish to call him at the bench trial. DSC shall make such decision via a notice filed on the docket **no later than 8:00am on June 27, 2022**. Further, Seagen shall submit Mr. Smith's expert report to the Court in advance of the bench trial. In light of the limited live evidence the parties plan to present at the bench trial (Dkt. Nos. 406, 408), each party will be allotted 1 hour and 30 minutes (for a total of three (3) hours) to present their arguments and evidence at the bench trial. The bench trial will take place as scheduled at **1:00pm on June 28, 2022,** in Marshall, Texas.

**So Ordered this**
**Jun 23, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE