IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEAGEN INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:20-CV-00337-JRG |
| § | |
| DAIICHI SANKYO CO., LTD., § | |
| § | |
| *Defendant,* § | |
| § | |
| ASTRAZENECA PHARMACEUTICALS § | |
| LP, and ASTRAZENECA UK LTD § | |
| § | |
| *Intervenor-Defendants*. § | |

## AMENDED[1] FINAL JUDGMENT

A jury trial commenced in the above-captioned case on April 4, 2022, and on April 8, 2022, the jury reached and returned its unanimous verdict finding that Defendant Daiichi Sankyo Company, Limited ("DSC") infringed at least one of Claims 1–5, 9, and 10 of U.S. Patent No. 10,808,039 (the "'039 Patent") (collectively, the "Asserted Claims"); that such infringement was willful; that none of the Asserted Claims were invalid; and that Plaintiff Seagen, Inc. ("Seagen") is owed a reasonable royalty of $41,820,000.00 for DSC's infringement from October 20, 2020 through March 31, 2022. (Dkt. No. 370).

The Court conducted a separate bench trial on June 28, 2022 regarding DSC's prosecution laches and § 112(b) defenses. On July 15, 2022, the Court issued Findings of Fact and Conclusions of Law, wherein the Court held that DSC had not proven by clear and convincing evidence that

---

[1] The Court enters this Amended Final Judgment to include the relief granted in Dkt. No. 496, as clarified in the amended version of that order (Dkt. No. 511), to the Final Judgment entered by the Court on July 19, 2022 (Dkt. No. 432). This Amended Final Judgment supersedes the prior Final Judgment (Dkt. No. 432) and resolves all issues before the Court.

the '039 Patent was unenforceable due to prosecution laches or invalid under § 112(b).  (Dkt. No. 431).

Thereafter, Seagen filed a Motion for Judgment for Supplemental Damages and Ongoing Royalties (the "Damages Motion"). (Dkt. No. 443). On August 21, 2023, the Court granted in part Seagen's Damages Motion and found that supplemental damages and an ongoing royalty award were appropriate. (Dkt. No. 496). Specifically, the Court awarded Seagen supplemental damages and an ongoing royalty from DSC at the rate of 8% for U.S. sales of Enhertu by DSC's wholly owned subsidiary Daiichi Sankyo, Inc. ("DSI") for the period from April 1, 2022 (the commencement of trial) through November 4, 2024 (the end of the '039 Patent's life). (*Id.* at 14). The Court also ordered that DSC provide Seagen with an accounting of the sales by DSI of Enhertu in the United States from April 1, 2022 through the date of that order (August 21, 2023). (*Id.*). The Court further ordered DSC to provide Seagen with an update of DSI's sales of Enhertu in the United States every three months from August 21, 2023 through November 4, 2024. (*Id.*).

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. DSC has infringed at least one of the Asserted Claims;
2. The Asserted Claims are not invalid;
3. DSC's infringement was willful;
4. Seagen is hereby awarded damages from and against DSC and shall accordingly have and recover from DSC the sum of $41,820,000.00 U.S. Dollars as a reasonable royalty for sales from October 20, 2020 through March 31, 2022;

5. Seagen is hereby awarded supplemental damages and an ongoing royalty at the rate of 8% from and against DSC for the sales of Enhertu in the United States by DSI for the period from April 1, 2022 through November 4, 2024, with such payments to be made no less frequently than quarterly;

6. DSC shall provide Seagen with an accounting of the sales of Enhertu in the United States by DSI for the period from April 1, 2022 through August 21, 2023;

7. DSC shall provide Seagen with an update of DSI's sales of Enhertu in the United States every three months for the period from August 21, 2023 through November 4, 2024;

8. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen both the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[2] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[3] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[4] and

---

[2] *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016).
[3] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[4] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

10. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

11. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Seagen is the prevailing party in this case and shall recover its costs from DSC. Seagen is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 17th day of October, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE